# Gilbert *v.* Dupree's Adm'r.

### *Bill in Equity to Foreclose Mortgage.*

1. *Statutory separate estate of wife; how subjected to debts.*—The statutes creating the wife's statutory separate estate have clearly defined the debts to which it may be subjected, and the remedy by which the liability for those debts may be enforced (Code, §§ 2711-12); consequently, a mortgage given by husband and wife, to secure the payment of such a debt, can not be enforced in equity against her separate property thereby conveyed.

APPEAL from the Chancery Court of Randolph.

Heard before the Hon. B. B. McCRAW.

The bill in this case was filed on the 20th April, 1872, by Mrs. Lucy L. Dupree, since deceased, against William E. Gilbert and his wife, Mrs. Frances G. Gilbert; and sought to enforce and foreclose a mortgage on a tract of land, which the defendants had executed to the complainant, to secure the payment of a promissory note for $600, which they had borrowed from her. The mortgage and note were dated the 13th November, 1869, and the note fell due on the 25th December, 1870. The lands conveyed by the mortgage belonged to Mrs. Gilbert, and were held by her as her statutory separate estate. The bill alleged that the money, for which the note and mortgage were given, was borrowed by the defendants to enable them to procure the necessaries of life for themselves and their family, and was used by them in the purchase of such necessaries; but the defendants, in their answer, denied these averments, and insisted that the transaction was a simple loan of money, for the payment of which the wife's statutory separate estate could not be subjected; and they also set up the defense of usury. There was a demurrer to the bill, for want of equity, which the chancellor overruled; and, on final hearing on pleading and proof, rendered a decree for the complainants, ordering a reference and account of the debt, and a sale of the mortgaged premises to pay the amount ascertained to be due. The overruling of the demurrer to the bill, and the final decree, are now assigned as error. The complainant died pending the appeal, and it was revived against her administrator.

C. D. HUDSON, for appellants.

WM. H. DENSON, *contra.*

[Gilbert v. Dupree's Adm'r.]

MANNING, J.—In this cause, a bill in chancery was filed by Mrs. Dupree, now deceased, to foreclose by sale a mortgage of a half-section of land, the statutory separate estate of Mrs. Gilbert, a married woman, executed by Mrs. Gilbert and her husband, defendants in the cause, to secure payment of a note for six hundred dollars to complainant. The bill alleges, that "said William and Frances Gilbert were in very indigent and straightened circumstances, had not any provisions of any kind whatever, upon which to maintain themselves and family, and were perfectly destitute of all means, money, &c. with which to procure the necessaries with which to support themselves and their family; and that the said William and Frances did come to your oratrix with this story, and under these circumstances; and your oratrix charges, and avers, that she did loan them the six hundred dollars, for the purpose of buying and procuring necessaries, and articles of comfort of the said William and Frances and their household, suitable to the degree and condition in life of the said William and Frances and their family, and for which the said William, the husband of said Frances, and as head of his and her family, would be responsible at common law."

The note for six hundred dollars, it appears, was given for a loan of five hundred dollars, for one year; and the land mortgaged was that on which the mortgagors resided, in Randolph county, while Mrs. Dupree lived in the city of Montgomery. The transaction was effected through a third person, and the parties themselves were not, so far as the record shows, acquainted with one another. The evidence tends to prove that the money was borrowed to enable Gilbert to carry on his farm work to advantage, and thereby provide for and support his family in the future, rather than for the purchase of necessaries then required; his need of such a loan, thus to support his family, being very strongly expressed to the person through whom it was obtained, and producing, probably, on his mind, an erroneous impression of present destitution of necessaries. At all events, it is not shown that the money was borrowed, or used, for the purchase of articles for the support of the household, under such circumstances as would make the wife's statutory separate estate liable, under the statute, to be charged with the payment of them.

But, if such proof had been made, this suit could not be sustained. The enactments relating to the statutory separate estates of married women do not relieve them of their common-law disability to make contracts, which shall impose upon them personal liabilities. The note to Mrs. Dupree

received no force or validity, by having Mrs. Gilbert's name signed to it. "It was the debt, and only the debt, of her husband. She had not the power, or legal capacity, to bind herself personally for the payment of it, or to make it a charge upon her statutory separate estate," by signing and acknowledging the mortgage.—*Coleman v. Smith*, 55 Ala. 378. This "is now the settled law of this State; and it is also settled, that every such mortgage is forbidden by law, and void."—*Conner v. Williams*, 57 Ala. 134.

The section of the law which provides that the statutory separate estate of the wife may be made liable to a creditor, and under the operation of which the counsel who wrote the bill in this cause seemed to think the suit might be maintained, was as follows: "For all contracts for articles of comfort and support of the household, suitable to the degree and condition in life of the family, and for which the husband would be responsible at common law, the separate estate of the wife is liable; to be enforced by *action at law*, against the husband alone, or against the husband and wife jointly." Rev. Code, § 2376. No personal judgment, though, can, in any such action, be rendered against the wife, or bind her personally; nor can her separate estate be charged with the payment of a debt contracted for such objects, in any other manner than as the statute provides.—*Ravisies & Wife v. Stoddart*, 32 Ala. 599. And so strictly has the statute, in this particular, been adhered to, that it has been decided that, without a judgment at law against the husband, although he be insolvent, establishing his liability by the common law for the debt, the separate estate which was of the wife cannot be subjected thereto after her death, by an action against her legal representative, although the things for which it was contracted were the articles described in the statute, "of comfort and support of the household, suitable to the degree and condition in life of the family," &c. *Rodgers v. Brazeale*, 34 Ala. 515-16. And it has been further ruled, that, in case of the death of an insolvent husband, leaving a wife surviving him, who had contracted on her own credit, and on the faith of her statutory separate estate, an account with complainant for articles of comfort and support of herself and family, the seller of the goods could not maintain a suit in chancery, even to obtain payment for them of such separate estate. "It must be borne in mind," the opinion says, "that the liability of the estate is purely statutory, having no existence independent of the statute, which defines and declares, and bounds and circumscribes it, by its own rules and limitations, and the courts cannot extend it." *O'Connor v. Chamberlain*, 59 Ala. 431. See, also, *Eskridge v.*

[Smith v. Kennedy.]

*Ditmar*, 51 Ala. 249-50. In no view of this cause, can the suit be sustained.

Let the decree of the chancellor be reversed , and the bill be dismissed.