# Dreyfus ·v. Wolffe.

### Action on Promissory Note, by Payee against Maker.

1. *Contracts of married woman ; effect of statute and decree in chancery reliev-ing of disabilities of coverture.* –The statute authorizing the several chancellors, either in term time or vacation, on petition filed for that purpose, "to relieve married women of the disabilities of coverture, as to their statutory and other separate estates, so far as to invest them with the right to buy, sell, hold, convey and mortgage real and personal property, and to sue and be sued as *femmes sole*" (Code, § 2731), is an enabling statute, and only relieves of the disabilities of coverture to the extent specified ; and neither the statute, nor a decree in chancery pursuing its words, authorizes such married woman to make general contracts, or to bind herself personally by the execution of a promissory note on which she may be sued at law.

APPEAL from the Circuit Court of Montgomery.

Tried before the Hon. JAMES Q. SMITH.

This action was brought by Fred. Wolffe, against Mrs. Emma Dreyfus, a married woman ; was commenced on the ·26th January, 1880 ; and was founded on the defendant's promissory note for $182.30, which was dated the 18th April, 1879, and payable on the 1st October next after date, to the plaintiff's order. The defendant pleaded the general issue, coverture, want of consideration, and the statute of frauds ; ·and issue was joined on all of these pleas. On the trial, as appears from the bill of exceptions, the defendant's husband testified, as a witness for her, "that the said note was executed by him, as agent for defendant, at the time the same bears date, to close an account held by plaintiff against him (witness), growing out of cotton speculations had by him, through said plaintiff, acting as broker of H. W. & J. H. Farley, a New York house ; that his wife, said defendant, knew nothing of these speculations, or transactions, at the· time, and received no consideration for said note ; and that he was his wife's agent, and was authorized by her to sign her name to said note." One Stettenheim, a witness for the defendant, who was a clerk in his office, testified that the cotton transactions, as entered on the defendant's books at the time, were conducted in the defendant's name ; that he sent her an account of the sales, immediately after the transactions were closed, showing the balance against her, and that the note was given in settlement of this balance. The plaintiff offered in evidence, also, a decree rendered by the Chancery Court at Montgomery (at what time is not shown,

except that it is said to have been rendered before the said cotton transactions), on a bill filed by the defendant, suing by her next friend, against her husband. The decree was in these words : " This bill was filed by the complainant, for the purpose of having herself relieved of the disabilities of coverture, and made a *femme sole*, under the provisions of section 2731 of the Code of 1876 ; and was submitted on the bill of complaint, and the written consent of the defendant filed in the cause. And it appearing to the chancellor that the complainant is entitled to the relief prayed, it is therefore ordered, adjudged, and decreed, that the said Emma Dreyfus be, and she is hereby, relieved of the disabilities of coverture, as to her statutory and other separate estate, so far as to invest her with the right to buy, sell, hold, convey and mortgage real and personal property, and to sue and be sued as a *femme sole* ; and it is further ordered and adjudged, that the next friend pay costs," &c. On this evidence, the court charged the jury, among other things, " that if they believed, from the evidence, that the note sued on was executed by defendant, in payment of losses or contracts made by her while a married woman, and before the relief of her disabilities of coverture by the decree in evidence before them, and there was no new consideration after the removal of her disabilities, then the note was invalid, and the plaintiff could not recover ; but, if they believed, from the evidence, that the plaintiff had paid said losses for the defendant, at her request, after the removal of her disabilities by the said chancery decree, then such payment constituted a sufficient consideration, and rendered said note valid and binding upon the defendant." The defendant excepted to the latter part of this charge, and she now assigns it as error.

ARRINGTON & MORRISSETT, for appellant.

RICE & WILEY, *contra.*

STONE, J.—The note sued on in this case was given as for a balance due from Mrs. Dreyfus to appellee, for money paid by the latter at the request of the former. Throughout the entire transaction, Mrs. Dreyfus was a married woman, but, by a decree of the Chancery Court, had been "relieved of the disabilities of coverture, as to her statutory and other separate estates, so far as to invest her with the right to buy, sell, hold, convey and mortgage real and personal property, and to sue and be sued as a *femme sole.*"—Code of 1876, § 2731. She pleaded her coverture, in defense of the suit ;

(32)

and the question is presented, did the statute, and the chancellor's decree thereon, enable her to make the note, and thereby fasten a personal liability on herself.

It can not be succesfully gainsaid, that, as far as the statute extends, Mrs. Dreyfus is clothed with all the civil powers of a *femme sole*, and her coverture opposes no obstacle to the assertion of rights and liabilities, whether made by or against her. The rulings of this court, from the very commencement, have been, that our statutes securing to married women their separate estates, do not constitute them *femmes sole*, or free-dealers. They are under all the disabilities of coverture, except to the extent the statutes confer powers on them. The clauses conferring on them powers, we have construed as enabling ; we have sometimes said, narrowly enabling.—*Gilbert v. Dupree*, 63 Ala. 331 ; *Coleman v. Smith*, 55 Ala. 378 ; *Lee v. Tannenbaum*, 62 Ala. 501, which collects the authorities ; *Shulman, Goetter & Weil v. Fitzpatrick*, 62 Ala. 571.

The act of February 10th, 1875 (Code of 1876, § 2731), was evidently conceived in the same spirit—that of enabling the wife to do what, theretofore, she had no power to do. It is entirely enabling in its purpose. It does not, in general terms, constitute her a free-dealer, or confer on her all the powers of a *femme sole*. It specifies the extent to which such powers are conferred. This it does *ex industria*, for it is twice repeated in the statute. It empowers her to " buy, sell, hold, convey and mortgage." It does not confer the power to make general contracts. *Expressum facit, cessare tacitum*. If the purpose had been to confer on her all the powers of a *femme sole*, it might have been done in fewer words, and the words, declaring the extent to which the wife was relieved of the disabilities of coverture, would have been omitted, as inappropriate and unnecessary. The words ' so far as,' in the fourth line of the section, and ' for the purposes aforesaid ' in the eighth and ninth lines, emphasize what we have said. We do not think that either the statute or the decree authorized her, by the execution of the note declared on, to fasten a personal liability on herself.—*Holt v. Agnew*, at the present term.

Reversed and remanded.