# King *v.* Bolling.

*Bill in Equity by Married Woman to have vacated and set aside Mortgage on Land, her Statutory Separate Estate.*

1. *Relief of married woman from disabilities of coverture; what essential to.*—Under the statute authorizing chancery courts to relieve married women of the disabilities of coverture, approved April 15, 1873, an indispensable element of jurisdiction is the petition of the wife, declaring her wish to become a *feme sole*, so far as the statute authorizes the court so to decree and declare her; and while this element of jurisdiction must affirmatively appear on the face of the proceedings, or they will be *coram non judice*, it is not essential that the words of the statute should be strictly pursued, or that any particular words or phrases should be employed; a statement or affirmation in any terms, clearly importing her desire to avail herself of the statute, being sufficient.

2. *Same.*—If the petition, in such case, admits equally of two constructions, on collateral attack, that construction must be adopted, which will support, rather than that which will nullify the decree.

3. *Same; when decree valid.*—Where the wife's petition avers her residence and coverture, her husband's name and citizenship, and her ownership of property, real and personal, and "*asks and prays*" that she "be declared a free-dealer under the laws of Alabama, with the right to buy and sell, hold and convey real or personal property, to sue and be sued as *feme sole,* as provided by" the act approved April 15th, 1873, which is referred to by caption and date of approval, this is a substantial compliance with said act, and, on collateral attack, is sufficient to uphold a decree relieving her of the disabilities of coverture to the extent authorized thereby.

4. *Same ; when consent of the husband sufficient.*—The term *free-dealer*, used in the written consent of the husband accompanying such petition, must be accepted in the same sense in which it is used in the petition; and so accepting it, it is the consent required by the statute.

APPEAL from Shelby Chancery Court.

Heard before Hon. THOMAS COBBS.

The bill in this cause was filed on 18th March, 1882, by Mary E. King, a married woman, the wife of E. H. King, against R. E. Bolling and others, for the purpose of vacating and setting aside a mortgage executed by the complainant and her husband to the said Bolling, in January, 1879, on a lot of land in the town of Calera, the statutory separate estate of the complainants, to secure a debt to the said Bolling therein described, and in the bill averred to have been the husband's indebtedness, together with another conveyance of said lot, subsequently executed in settlement of the mortgage debt. The relief is sought on the ground, among others, that the mortgage and other conveyance were void, by reason of the complainant's

coverture, and the character of the estate she held in the land. As averred in the bill, and as shown by the proof, the complainant, on 10th November, 1874, filed with the register in chancery for Shelby county, a petition addressed to the chancellor, which, omitting the address, is in these words : " Your petitioner, Mary E. King, a married woman, by her next friend, William W. Pope, respectfully represents unto your Honor, that she is a married woman, the wife of Edward H. King, a citizen of Shelby county, State of Alabama ; that she is the owner of real and personal property. And your petitioner humbly asks and prays your Honor, that she be declared a free-dealer under the laws of Alabama, with the right to buy and sell, hold and convey real or personal property, to sue and be sued as *feme sole*, as provided by an act of the legislature of Alabama, entitled, 'An act to confer upon the several chancery courts of the State power to declare married women free-dealers,' approved April 15th, 1873. And your petitioner will ever pray, etc." The husband having filed his consent in writing, that his wife might be " declared a free-dealer," the chancellor, on the day the petition was filed, signed and caused to be filed a decree, which, omitting the caption, is as follows : " The petitioner, Mary E. King, a married woman, having presented her petition, praying to be made a free-dealer, and her husband, E. H. King, having filed his consent in writing hereto : It is ordered, adjudged and decreed that the said Mary E. King be, and she hereby is relieved from the disabilities of marriage, so far as to vest her with the right to buy, sell, hold and convey real and personal property, and sue and be sued as a *feme sole*, as provided by act approved April 15th, 1873." The bill, as amended, however, avers that, " upon the face of said proceedings, and of the decree therein rendered, the said decree is inoperative and void, as well as ineffectual to impart or sustain any validity in or to said deed, or in and to said mortgage, as to said lot " conveyed thereby.

Rice & Wiley, for appellant.

E. P. Morrissett, *contra.*

BRICKELL, C. J.—The material and, in fact, the only question raised upon the record is the validity of the decree of the court of chancery, rendered on the 10th of November, 1874, relieving the appellant from the disabilities of coverture (in the language of the decree), "so far as to vest her with the right to buy, sell, hold and convey real and personal property, and sue and be sued as a *feme sole*, as provided by act approved April 15th, 1873." The act referred to, and which constitutes

the sole authority for the decree, and the proceedings upon which it is founded, in the first and only section which need be noticed, reads : "That the several courts of chancery of this State are hereby authorized and empowered to relieve all married women from the disabilities of coverture, so far as to invest them with the right to buy and sell, hold or convey real or personal property, and to sue and be sued as *femes sole*, in the following named cases : First, whenever the wife by her next friend shall file her petition in such chancery court, alleging her wish to become a *feme sole*, for the purpose and to the extent herein above stated, and the husband shall in writing consent thereto. Second, whenever the chancery court, upon such petition filed and proof taken, shall be of the opinion that the prayer of the petition should be granted." The statute contemplates two classes of cases in which the court should exercise the power or jurisdiction conferred ; the first, when the consent in writing of the husband attended or accompanied the petition, rendering all proof unnecessary ; the second, the rendition of the decree without or against the consent of the husband, if, upon proof taken, the court was of opinion the prayer of the petition should be granted. The presence or the absence of the consent in writing of the husband constitutes the distinction between the two classes of cases. In either class of cases, the indispensable element of jurisdiction is the petition of the wife, alleging her wish to become a *feme sole*, so far as the statute authorizes the court so to decree and declare her. The wife must be the actor; there is no power in the court to proceed against her *in invitum*, compelling her to a change of her legal *status*, and her petition must affirm or declare her wish, or her desire, or request, that the rights and benefits of the statute be extended to her. This element of jurisdiction must affirmatively appear on the face of the proceedings, or they will be *coram non judice*. It is not essential that the words of the statute should be strictly pursued, or that any particular words or phrases should be employed. A formal, technical allegation, as in a complaint or declaration in a court of law, or in a bill in equity, that it is the wish of the wife to be relieved of the disabilities of coverture, is not essential to the exercise of jurisdiction. The statement or affirmation in any terms, clearly importing her desire to avail herself of the statute, is sufficient. The existence of the wish is not a fact to be proved, nor is it a fact which can be drawn into controversy ; the petition expressing it, in which the wife is the actor, is of itself conclusive, and, when the proceedings have ripened into a decree, which has been acted upon, and which is assailed collaterally, there can be no narrow interpretation of the words of the

petition, nor a technical construction, measured by strict rules of pleading, of its several parts. The only questions which are then open, is the power of the court, or of fraud upon husband or wife. And if the petition admits equally of two constructions, that construction must be adopted, which will support, rather than that which will nullify the decree.—*King v. Kent*, 29 Ala. 542; *Wright v. Ware*, 50 Ala. 549.

The petition is brief, averring the residence of Mrs. King, her coverture, the name and citizenship of her husband, and that she was the owner of property, real and personal. Referring to the act of the General Assembly, the petition then proceeds to " ask and pray," that she be declared a free-dealer " with the right to buy and sell, hold and convey real or personal property, to sue and be sued as *feme sole*, as provided by an act of the General Assembly," etc. This is surely a substantial, if not a literal compliance with the requirements of the statute. *Asking and praying*, is certainly an expression of her wish, her desire, that she be relieved of the disabilities of coverture. There is no other sense in which these words can be taken and interpreted ; to say that they were not the words employed in the statute is not an answer. The statute deals with things not words ; with matters of substance, not with forms or formulas. That the prayer is, the wife may be declared a free-dealer, does not indicate that she sought the exercise of a power with which the court was not invested ; the sense in which the term is used, the extent and purposes for which she wished to be made a free-dealer, is apparent from the subsequent words, and these are the words of the statute. The term " free-dealer," is rather peculiar to our statutes and decisions, and is always relative ; its precise meaning and signification are derived from the statute to which it refers, the matter with which it is connected, or the subject to which it has relation. The syllabus, or abstract, appended to the section of the Code which authorizes chancellors to relieve married women of the disabilities of coverture, reads : " Court of chancery may declare married women free-dealers in term time or vacation." Yet, the term " free-dealer " is not employed in a general sense, as the equivalent of *feme sole ;* it is employed in relation to the body of the section, and that clearly defines it. The same term, found in the written consent of the husband accompanying the petition of the wife, must be accepted in the same sense in which it is used in the petition, and, so taking it, as it was taken by the chancellor, and as it was intended it should be taken, it is the consent required by the statute. We are of opinion the decree is valid ; that there was not a want of jurisdiction in the court to render it. And being valid, that it

[Gluck v. Cox.]

conferred upon Mrs. King capacity to execute the conveyance now impeached, is not denied.

Let the decree be affirmed.