# Meyer & Co. v. Sulzbacher.

*Trial of Right of Property in Goods, between Attaching Creditors of Husband, and Wife as Claimant.*

1. *Relieving married women of disabilities of coverture ; collateral assailment of proceedings.*—When a decree of the chancellor, relieving a

[Meyer & Co. v. Sulzbacher.]

married woman of the disabilities of coverture (Code, § 2731), is collaterally assailed, all mere questions of pleading, which could have been raised by demurrer, or other direct mode of attack, must be considered as conclusively adjudicated; and a liberal construction will be placed on the language of the petition, if necessary to sustain the validity of the decree.

2. *Same; averments of petition as to character of estate.*—An averment in the petition that, at the time of the petitioner's marriage, she was seized and possessed of certain money and property, as "her separate estate under the laws of Alabama," and that she has since acquired other property, which she claims to hold as "her separate estate," is sufficient to sustain the decree on collateral attack, although it appears that the property involved is held by her as an equitable estate.

3. *Same; decree conferring power "to contract and be contracted with," in addition to statutory powers.*—If the decree, going beyond the words of the statute, confers not only the powers particularly designated, but also the additional power "to contract and be contracted with as a *femme sole*," these words will be regarded as mere surplusage on a collateral attack, and their insertion will not affect the validity of the decree.

4. *When married woman may maintain statutory claim suit.*—A married woman who has been relieved of the disabilities of coverture under this statute, being authorized "to sue and be sued as a *femme sole*," may maintain a statutory claim suit in her own name alone, for property seized under attachment against her husband.

5. *Sale and conveyance of goods by husband to wife; when valid as against his creditors.*—A sale and conveyance of goods by a husband to his wife will not be held fraudulent at the instance of his creditors, notwithstanding "many badges of fraud and circumstances of suspicion and bad faith on his part," when the evidence fails to implicate the wife in any of these transactions, or to charge her with notice of the husband's fraudulent intent; and even if she participated in his fraudulent intent, but took the goods in absolute payment of an honest debt, at a fair and adequate price, no benefit whatever being reserved to him, the inference of fraud is rebutted, and the transaction will be sustained against the creditors of the husband.

From the City Court of Selma.

Tried before the Hon. Jona. Haralson.

This was a statutory trial of the right of property in and to a stock of goods, between M. Meyer & Co., attaching creditors of George Sulzbacher, as plaintiffs, and Mrs. Bertha Sulzbacher, the wife of said defendant, as claimant. The plaintiffs' attachment was sued out on the 2d December, 1882, on the ground that the defendant "has money, property or effects, liable to satisfy his debts, which he fraudulently withholds, and has fraudulently disposed of his property;" and it was levied by the sheriff, on the same day, "on stock of goods belonging to said George Sulzbacher, in store-house recently occupied by him, in the city of Selma, consisting of dry-goods, groceries, &c." The stock of goods was claimed by Mrs. Sulzbacher under a bill of sale from her husband, which was dated December 2d, 1882, attested by two witnesses, and in these words: " *Whereas* I am justly and lawfully indebted to my wife, Bertha Sulzbacher, who is a free-dealer, in the sum of $2,450, as is evidenced by my note to her for that sum, dated Sept. 8,

[Meyer & Co. v. Sulzbacher.]

1878, and due one day after date ; *and whereas* I am unable to pay said debt in cash, but have agreed to convey and transfer to her the goods, wares and merchandise shown by the inventory here attached, and now in my store on Water street in the city of Selma, at the prices shown in said inventory ; *and whereas* my said wife has agreed to receive such goods in part payment of said note, to the amount of $1,498.57, and to surrender and cancel said note, and to receive from me, for the balance due thereon, my note for the sum of $951,43, payable twelve months after date, with interest thereon from date : Now, therefore, in consideration of the surrender of said note, the receipt of said goods for said sum in part satisfaction thereof, and the extension of the balance due from me, I have, and by these presents do grant, bargain, sell and convey all the goods, wares, merchandise, furniture and fixtures, in the store now occupied by me, and shown by the said schedule and inventory. Witness my hand," &c.

On the trial, as appears from the bill of exceptions, the claimant offered in evidence, for the purpose of establishing her right to maintain the action in her own name, a decree in chancery removing her disabilities of coverture, together with the petition on which said decree was founded. The petition was filed in the name of Mrs. Bertha Sulzbacher, " who is the wife of George Sulzbacher, by her next friend, Solomon Lehman ;" was addressed to Hon. Jona. Haralson, " judge of the City Court of Selma, sitting as chancellor," and contained these allegations :   " That in the year 1874 she intermarried with the said George Sulzbacher ; that your petitioner, at the time of her said marriage, was over the age of twenty-one years, and was possessed of certain money and other property, which was her separate estate under the laws of Alabama ; that since said time your petitioner has acquired other money and property, which was and is her separate estate as aforesaid ; that her said husband has, for many years past, been engaged in merchandising in the city of Selma, but, owing to the financial troubles to which the country has been subjected since the year 1873, by which many persons who were largely indebted to him have become insolvent, he has become unable to pay his debts, and is now wholly insolvent ; that your petitioner wishes to employ her said separate estate in merchandising, as her husband is experienced in that business, and can in this way best employ her said means.   Your petitioner therefore prays, that she may be decreed, for the purposes aforesaid, to be declared a *femme sole*, and that she may be relieved of the disabilities of coverture, as to her statutory and other separate estates, and that she may be invested with the right to buy, sell,

hold, convey and mortgage real and personal property, and to sue and be sued as a *femme sole*."

The petition was filed in vacation, on the 22d August, 1877, and the written consent of the petitioner's husband was indorsed upon it. The decree was rendered on the same day, and, after stating the filing of the petition, and the husband's assent thereto, proceeded thus : "Having considered said petition, I am of the opinion that the prayer thereof should be granted. It is therefore ordered, adjudged, and decreed, that Bertha Sulzbacher, the wife of George Sulzbacher, of Dallas county, Alabama, be, and she is hereby, relieved of the disabilities of coverture, as to her statutory and other separate estates; and she, the said Bertha Sulzbacher, is hereby invested with the right to buy, hold, sell, convey and mortgage real and personal property, and to contract and be contracted with, to sue and be sued, to plead and be impleaded as a *femme sole*."

"The plaintiffs objected to the introduction in evidence of said petition and decree, on the ground that the same were and are null and void on their face; and on the further ground, that said proceedings did not operate to remove the disabilities of coverture of the claimant, as to her statutory separate estate; and on the further ground, that said proceedings did not operate to remove said disabilities of coverture, as to the claimant's equitable separate estate." The court overruled these objections, and admitted the evidence ; and the plaintiffs excepted.

The plaintiffs sought to impeach the transfer of the stock of goods by said George Sulzbacher to his wife, on the ground of fraud ; and for this purpose they introduced evidence showing that, on said 2d December, 1882, he owed them about $775, and also owed other debts amounting to between $2,500 and $3,000 ; that these debts were contracted, in great part, in the preceding months of September, October and November; that one of the plaintiffs called at his store on the morning of December 2d, demanded payment of their debt, and told him they had been informed that he had transferred his stock of goods to his wife on the previous night; and that Sulzbacher then denied that he had made such transfer, or contemplated making any, and promised payment in a few days. It was admitted that said Sulzbacher had no other visible property than that which was in his said store. On the part of the claimant, her answer as garnishee was taken as her testimony in the case, in which she stated, substantially, that her father had given her, in Bavaria, Germany, $1,500 in United States currency, which her husband afterwards borrowed from her, but subsequently returned ; and again borrowed it in September, 1877, "to buy goods for her and carry on the drug business ;" that he took the goods on hand from her, in September, 1878, when she

quit business, and gave her his note for $2,450 as the price, which note was produced; that when she took the transfer of the goods, in part payment of the note, she did not know that he owed any other debts; that the inventory was made out by him and his clerks, during the night of December 1st, and the bill of sale was signed on the morning of December 2d. On all the evidence adduced, which it is unnecessary to state at length, the case having been submitted to the decision of the court without the intervention of a jury, the court found the issue in favor of the claimant, and rendered judgment accordingly; to which ruling and judgment the plaintiffs duly excepted.

The judgment of the court, and its rulings on the evidence, as above stated, are now assigned as error.

BROOKS & ROY, for appellants.—(1.) The proceedings set up as removing the claimant's disabilities of coverture are void, both for the want of jurisdictional facts apparent on the face of the petition, and because the chancellor's decree exceeds his jurisdiction. The averments of the petition relate to a statutory estate, while the property here involved, if it belongs to the claimant, is her equitable estate.—*Meyer & Co. v. Sulzbacher*, at last term; *Pollak & Co. v. Graves*, 72 Ala. 350; *Block Bros. v. Maas & Block*, 65 Ala. 211. That the proceedings are void, see *Cohen v. Wollner*, 72 Ala. 238; *Ashford v. Watkins*, 70 Ala. 160; *Dreyfus v. Wolffe*, 65 Ala. 496. (2.) If the proceedings are valid, they did not disrupt the marital relation, nor destroy the trusteeship of the husband.—*Cook v. Meyer Bros.*, 73 Ala. 582. The wife's estate being equitable, the legal title was in her husband, and she could not maintain the action in her own name.—*Meyer & Co. v. Sulzbacher*, at last term; *McMillan v. Peacock*, 57 Ala. 127; *Helmetag v. Frank*, 61 Ala. 69; *Goodlett v. Hansell*, 66 Ala. 161. (3.) There was no legal consideration for the sale and conveyance of the goods; the sale by the wife to her husband, in September, 1878, and the re-sale by him to her, were expressly prohibited by law, and were illegal and void.—Code, § 2709; *Saltmarsh v. Tuthill*, 13 Ala. 410; *Shipley v. Eastwood*, 9 Ala. 200; *Pollak & Co. v. Graves*, 72 Ala. 350. (4.) The sale and conveyance were fraudulent and void as against the creditors of the husband. His fraud was patent and flagrant, and the facts proved establish the wife's knowledge, connivance, and participation in the fraud of her husband.

W. R. NELSON, *contra.*—(1.) The question of fraud, as now presented by the record, is the same as on the former appeal, when the judgment was reversed solely on the ground that the

[Meyer & Co. v. Sulzbacher.]

claimant, not having the legal title, could not maintain the action in her own name. On the undisputed facts, no fraud can be imputed to Mrs. Sulzbacher, who was simply obtaining the payment of an honest debt.—*Crawford v. Kirksey*, 55 Ala. 282; *Crommelin v. McCauley*, 67 Ala. 542; *Smith v. Spencer*, 73 Ala. 301; *Otis v. Maguire*, at present term. (2.) The chancellor's decree expressly confers on Mrs. Sulzbacher the right to sue and be sued as a *femme sole;* and her right to maintain the suit depends upon the validity of that decree. The petition contains the necessary averments to give the court jurisdiction, and any superfluous averments will be rejected as surplusage.—*King v. Bolling*, at last term; *Wright v. Ware*, 54 Ala. 549; 29 Ala. 542. The decree may go beyond the words of the statute, and may be void as to the excess of power attempted; but it is here collaterally assailed, and the only question arising under it is as to the grant of power to sue and be sued as a *femme sole.—King v. Bolling*, at last term; *Wilson v. Wilson*, 18 Ala. 176; *Wolffe v. Eberlein*, 74 Ala. 99; Freeman on Judgments, § 45; *Gray's Adm'rs v. Cruise*, 36 Ala. 563.

SOMERVILLE, J.—The rulings of the court in this case necessarily raise the inquiry as to the validity of the chancery proceedings, by which, in August, 1877, Mrs. Sulzbacher was decreed to be relieved of her disabilities of coverture, under the provisions of section 2731 of the Code (1876). It is urged by the appellants' counsel, that these proceedings should be adjudged void, for one or more reasons apparent upon their face.

The first objection taken is, that the petition to the chancellor failed to make a case within his jurisdiction, as conferred by the statute, which gives him, either in term time or in vacation, authority "to relieve married women of the disabilities of coverture, as to their statutory and other separate estates, so far as to invest them with the right to buy, sell, hold, convey and mortgage real and personal property, and to sue and be sued as *femmes sole.*" This jurisdiction can be exercised only upon a petition filed by the wife, through her next friend, containing the requisite jurisdictional allegations, the truth of which must be proved as in other chancery cases, or else assented to by the husband in writing.—Code, § 2731. The particular defect suggested in the petition is, that it fails to aver that the wife had any *equitable* separate estate, which is the kind shown to be involved in this suit. There is an averment, however, in this petition, that the wife was seized and possessed of certain money and property, at the time of her marriage in 1874, which is alleged to have been "her *separate estate* under the laws of Alabama," and that she had also ac-

quired other money and property which she claimed to hold as "her separate estate." The prayer of the petition is, that she may be relieved of the disabilities of coverture, "as to her statutory and other separate estates," and that she may be invested with "the right to buy, sell, hold, convey and mortgage real and personal property, and to sue and be sued as a *femme sole.*"

We can entertain no sort of doubt that, under the averments of the petition, the chancellor acquired jurisdiction. In *Cohen v. Wollner*, 72 Ala. 233, we decided, that the wife's petition must aver that she has some sort of separate estate, statutory or equitable; and this being a jurisdictional allegation, the omission of it would render the entire proceedings void. In that case, there was no averment that the petitioner owned any kind of property whatever—either a statutory or an equitable separate estate, one of which it must necessarily have been. In the present case, there is no such defect. There is an averment of the wife's ownership of property, which is characterized to be "her separate estate under the laws of Alabama," and also of other property, designated simply as "her separate estate." Whether either of these averments was the subject of criticism, as a mere matter of pleading, we need not inquire. That would have been a proper question, if the petition had been assailed on direct appeal; and upon its consideration, all intendments would have been made against the pleader. But, upon a collateral attack, like the present, after the petition has matured into a decree, under which rights of property have attached, a different rule is held to prevail. "Then, every reasonable intendment, in the construction of the language of the petition, must be in favor of the validity of the paper. Under a different rule, designing persons might withhold objections for amendable defects, until after the proceedings had terminated, and rights had attached, and then vitiate the whole proceeding, thus converting a court of justice into a snare." *King v. Kent*, 29 Ala. 542; *Bibb v. Bishop Cobbs Orphans' Home*, 61 Ala. 326. All mere questions of pleading, which could have been raised by demurrer, or other direct mode of attack, must be considered as conclusively adjudicated; and a liberal construction, if necessary, will be placed upon the language of the petition, in order to maintain the validity of the judgment which has been pronounced upon it by a court of competent jurisdiction.— *Wright v. Ware*, 50 Ala. 549; *King v. Bolling*, 75 Ala. 306.

A correct application of these well-settled principles forbids that we should hold these proceedings to be void, on account of this alleged defect of averment, and in a case where the record is made an object of collateral assailment.

It is further contended, that the decree of the chancellor is void, because it goes further than the statute authorizes, by conferring upon the petitioner, not only the appropriate "right to buy, hold, sell, convey and mortgage" her separate estate, with the right " to sue and be sued as a *femme sole*," but also the inappropriate power " to *contract and be contracted with*," of which the statute makes no designation. In *Hatcher v. Diggs*, decided at the present term, we held, that the attempt to confer the general power "to contract and be contracted with," in a case of this character, was unavailing, and that the decree was void, at least to that extent. This is manifest, because the chancellor has no jurisdiction, which can alone be derived from the statute, to confer such a right upon a married woman, under any possible state of circumstances.—*Dreyfus v. Wolffe*, 65 Ala. 496. As said in *Ashford v. Watkins*, 70 Ala. 156, 162, "a general capacity to contract is carefully withheld." In the latter case, a decree was held void, which attempted to confer upon a married woman the power to mortgage a particular piece of property, in order to obtain an addition to a stock of merchandise with which she was carrying on the business of a sole trader—" a capacity," it was said, "she has not at common law, or under the statute creating separate estates." The underlying principle of that decision is, that the powers authorized by the statute to be conferred must be all conferred, or withheld together, as an entirety, and that this jurisdiction can not be exercised by piece-meal. There are manifest objections to placing any other construction upon this statute, which readily suggest themselves without presentation by argument. The decree in this case is not subject to such a criticism. It confers upon the petitioner each and every power which is authorized to be conferred by law. The power conferred is commensurate with the statute creating it, and is entire and not fractional. The additional right of *contracting and being contracted with*, which was not prayed for in the petition, and which the chancellor had no power to grant, being void, must be deemed mere surplusage, and can not be held to affect that portion of the decree which would be confessedly good without it. There is no sufficient reason why the maxim should not apply, *Utile der inutile non vitiatur*—the useful is not vitiated by the useless.— *Wolffe v. Eberlein*, 74 Ala. 99, 106–107 ; Freeman on Judg. (3d Ed.), § 135, and note 1 ; *Chase v. Christianson*, 41 Cal. 252.

The wife was clearly the only proper party to the present claim suit, which was instituted in her name alone. The decree, removing her disabilities of coverture, expressly authorized her " to sue and be sued as a *femme sole*," and this right was conferred pursuant to the very words of the statute.—Code,

1876, § 2731; *Warren v. Wagner*, 75 Ala.; *Cook v. Meyer Bros.*, 73 Ala. 580, 586.

We do not feel authorized to pronounce the sale of the goods in controversy, made by Sulzbacher to his wife, to be fraudulent. There are many badges of fraud in the case, with circumstances of suspicion and bad faith on the part of the grantor; but the evidence fails to implicate the grantee in any of these transactions, or to charge her with notice of the alleged fraudulent intention of the grantor. Moreover, the sale of the goods being shown to be in absolute payment of a debt, proved to be due by Sulzbacher to his wife, and the price paid being fair and adequate; and no interest being reserved by the grantor, the preference was one authorized by law, and the fraudulent intent of one or both parties would not vitiate the transaction, because, the act of preference itself being legal, fraud without damage would give no right of action. This is the rule announced in *Hodges Bros. v. Coleman & Carroll*, at the present term; *ante*, p. 103. In that case we said, "These concurrent facts absolutely rebut all inferences that might be drawn from attendant badges of fraud, and impart validity to the conveyance as an allowable preference of the particular creditor."

We find no error in the record, and the judgment of the City Court is affirmed.