# Parker *v.* Roswald & Stoll.

*Action on Common Counts, for Price of Goods Sold.*

1. *Contracts of married woman, relieved of disabilities of coverture.*—A decree of the chancellor relieving a married woman of the disabilities of coverture (Code, § 2731) although it does not confer on her a general power to contract, expressly authorizes her to "buy," and makes her liable "to be sued as a *femme sole*;" and having bought goods on credit, she may be sued at law, and a personal judgment rendered against her.

[Parker v. Roswald & Stoll.]

APPEAL from the Circuit Court of Montgomery.

Tried before the Hon. JOHN P. HUBBARD.

This action was brought by Roswald & Stoll, suing as partners, against Mrs. T. R. Parker, and was commenced on the 7th August, 1885. The complaint contained only the common count for the price of goods sold and delivered. The defendant pleaded her coverture at the time the goods were bought, and at the commencement of the action; to which the plaintiff replied, that she had been relieved of the disabilities of coverture by a decree of the chancellor, in a proceeding instituted under section 2731 of the Code. · The court overruled a demurrer to this replication, and, issue being joined, instructed the jury to find for the plaintiffs, if they believed the evidence. "It was admitted on the trial," as the bill of exceptions states, "that the defendant, who was a married woman, had, before the purchase of the goods, been relieved of the disabilities of coverture by the decree of the chancellor for Montgomery county, on proper proceedings under the provisions of section 2731 of the Code;" but the decree is nowhere set out. The overruling of the demurrer to the replication, and the charge of the court, are now assigned as error.

THORINGTON & SMITH, for appellant, cited *Dreyfus v. Wolffe*, 65 Ala. 496; *Holt v. Agnew*, 67 Ala. 360; *Meyer v. Sultzbacher*, 76 Ala. 121; *Cohen v. Wollner*, 72 Ala. 233; *Warren v. Wagner*, 75 Ala. 188.

J. GINDRAT WINTER, and WILLIAMSON & HOLTZCLAW, *contra*. The cases cited for appellant do not apply to this case. The decree follows the words of the statute (Code, § 2731), and expressly authorizes Mrs. Parker to *buy*, and declares her liable to be sued as a *femme sole*. If effect is to be allowed to the statute, this contract and this action must be sustained.

SOMERVILLE, J.—The only question presented for our decision by the record in this cause is, whether a married woman, whose disabilities of coverture have been removed under the provisions of section 2731 of the Code, can bind herself by contract in such manner as to authorize the rendition of a personal judgment against her.

This statute confers on the several chancellors of this State the authority "to relieve married women of the disabilities of coverture, as to their statutory and other separate estates, so far as to invest them with the right to *buy,* sell, hold, convey, and mortgage real and personal property, and to sue and *be sued as femmes sole.*"—Code, 1876, § 2731.

The disabilities of the defendant, Mrs. Parker, who is a married woman, are shown to have been removed under this statute. The debt for which she is sued is proved to have been afterwards contracted by her, in consideration of certain merchandise purchased by her, while carrying on a mercantile business in her own name as a sole trader.

It is our opinion, that she was personally bound by her contract of purchase. No one contends that the purpose of the statute was to confer on married women a general power to contract. The contrary has been uniformly declared in all of the decisions of this court, where the construction of this law has been under our review.—*Ashford v. Watkins*, 70 Ala. 156; *Meyer v. Sultzbacher*, 76 Ala. 121; *Cohen v. Wollner*, 72 Ala. 233; *Hatcher v. Diggs*, 76 Ala. 189; *Dreyfus v. Wolffe*, 65 Ala. 496. But, as said in *Dreyfus v. Wolffe, supra*, "so far as the statute extends" she is "clothed with all the civil powers of a *femme sole*, and her coverture opposes no obstacle to the assertion of rights and liabilities, whether made by or against her." The statute confers on her the express power to *buy*. This includes the power to buy on credit, and, by necessary implication, the incidental power to promise to pay for what she buys, because her authority is not confined to buying for cash. Then follows the declaration in the statute, that she "may be sued as a *femme sole*"—that is, just as she could be sued if she were unmarried, or had no husband. In the latter contingency, it is perfectly clear that the result of a suit, in the event of a recovery, would be a personal judgment against her.

Even at common law, there were special cases where a married woman was capable of incurring a personal obligation; as when she became a sole trader by the custom of London; or where her husband was imprisoned for life; or had been exiled from or fled the country, so as to impose upon the wife the necessity of contracting for herself, and in her own name. In these cases, the fact of coverture no longer fettered her power to personally bind herself by contract. No more, in our opinion, can it do so in this case, where legislation has expressly intervened to render her *sui juris* for specified purposes. *Pro hac vice*, the law considers the husband as removed from his trusteeship, and, to a limited extent, places the wife contractually in a state of widowhood.

The rulings of the court are in full accordance with this view, and the judgment must be affirmed.