[Wood et al. v. Moore et al.]

# Wood *et al.* v. Moore *et al.*

*Bill in Equity by Creditor to set aside Conveyances as Fraudulent.*

1. *Conveyance by insolvent debtor; validity as against other creditors.* A conveyance of property by an insolvent debtor to one of his children will be sustained, against the attack of existing creditors, on proof that he was indebted to the grantee in an amount at least equal to the value of the property, that the conveyance was made and received in absolute payment of that debt, and without the reservation of any interest or benefit whatever to the debtor himself.

APPEAL from Marengo Chancery Court.
Heard before Hon. THOS. W. COLEMAN.

TAYLOR & JOHNSTON, for appellants.

JNO. C. ANDERSON, *contra.*

SOMERVILLE, J.—We concur with the chancellor in the conclusion reached by him in this case, being satisfied from the testimony that the defendant, Henry Moore, the alleged fraudulent grantor in the several conveyances assailed in the bill, was indebted to the grantees, Virgil and Susan Moore, in an amount at least equal to the value of the lands conveyed to them; that the conveyances were made in absolute payment of the debt, without reservation of interest by the grantor, and the preference was, therefore, one authorized by law. *Hodges v. Coleman*, 76 Ala. 103; *Meyer v. Sulzbacher*, 76 Ala. 120; *Levy v. Williams*, 79 Ala. 171; *Carter v. Coleman*, 82 Ala. 177, The conveyances are, for these reasons, valid against the attack of the complainants who were pre-existing creditors.

The deed to Bradford, made by Virgil Moore, embraces a part of the same land, and must necessarily be sustained, in view of the conclusion above attained.

Affirmed.