# Mohr *v.* Senior & Son.

*Bill in Equity by Creditor, to set aside Fraudulent Conveyance.*

1. *Relieving married woman of disabilities of coverture; sufficiency of petition, and of decree.*—A petition filed by a married woman, alleging that "she is the owner of certain property, to-wit, a stock of merchandise in the city of Montgomery, which she holds as her statutory separate estate under the constitution and statutes cf Alabama, and that said property can not be profitably or usefully managed by her, so as to secure a support for her family, on account of her disabilities of coverture," and therefore praying that she "be relieved of the disabilities of coverture as to her said statutory separate estate, and any other estate she may hereafter acquire, so far as to invest her with the right to buy, sell, hold, convey and mortgage any and all real and personal property which she holds, or may hereafter own as her separate estate, and to sue and be sued as a *feme sole*," is sufficient to give the chancellor jurisdiction (Code, 1876, § 2731); and a decree rendered on such petition, adjudging that the petitioner "is now and hereafter relieved from the disabilities of coverture as to her said separate estate, and as to any other separate estates she may hereafter acquire, and she is hereby invested with the right to buy, sell, hold, convey and mortgage real and personal property, and to sue and be sued as a *feme sole*," is in substantial conformity with the terms of the statute.

2. *Same; effect of decree, as to powers conferred on wife, and her liability to suit.*—Such a decree confers on the wife power to contract a debt in the purchase of goods on credit, on which a personal judgment may

VOL. LXXXV.

[Mohr v. Senior & Son.]

be rendered against her at law, and which authorizes the creditor to file a bill in equity under the statute (Code, 1886, § 3544), to reach and subject property fraudulently conveyed by her.

APPEAL from the Chancery Court of Montgomery.

Heard before the Hon. JOHN A. FOSTER.

The bill in this case was filed on the 14th March, 1888, by A. Senior & Son, merchants and partners carrying on business in Cincinnati, Ohio, against Mrs. Semira Mohr, the widow of Alex. Mohr, deceased, and Marcus Mohr, her son; and sought to set aside as fraudulent a conveyance of a city lot in Montgomery, which Mrs. Mohr had executed to her son in consideration of natural love and affection, and to subject the property conveyed to the satisfaction of a debt which the complainants held against her.   The complainants' debt was created, as the bill alleged, in the purchase from them, on credit, by Mrs. Mohr, "through the said Alex. Mohr, her husband and agent," of large quantities of goods, wares and merchandise; and was evidenced by four accepted drafts, which aggregated about $2,225.   These drafts, which were made exhibits to the bill, were drawn by complainants, on different dates, between September 1st and October 1st, 1883, at three and four months, on "*A. Mohr, ag't*," and they were accepted by him, by writing the same words across the face of each.   Mrs. Mohr had been relieved of the disabilities of coverture, by a decree of the chancellor, prior to these purchases; and a copy of the proceedings had on her petition in that case was made an exhibit to the bill.   Alex. Mohr died on the 4th October, 1884.   The conveyance executed by Mrs. Mohr to her son, a copy of which was made an exhibit to the bill, was dated July 2d, 1886.

Mrs. Mohr's petition, asking to be relieved of the disabilities of coverture, was filed on the 16th May, 1876, and contained these averments:   "1st, that she is the owner of certain property, to-wit, a stock of merchandise in the city of Montgomery, which she holds as her statutory separate estate under the constitution and statutes of Alabama; 2d, that said property can not be profitably or usefully managed by her, so as to secure a support for her family, on account of her disabilities of coverture with said Alex. Mohr."   The prayer of the petition was:   "In consideration of the premises, your petitioner prays that your Honor will decree that she be relieved from the disabilities of coverture as to her said statutory separate estate, and any other estate she may hereafter acquire, so far as to invest her with the right to

[Mohr v. Senior & Son.]

buy, sell, hold, convey and mortgage any and all real and personal property which she holds, or may hereafter own as her separate estate, and to sue and be sued as a *feme sole.*" The chancellor's decree was in these words: "Upon consideration, I am satisfied that the petitioner is entitled to the relief she prays; and it is therefore ordered, adjudged, and decreed, that the said Semira Mohr be, and she is now and hereafter, relieved from the disabilities of coverture as to her said separate estate, and as to any other separate estate she may hereafter acquire, to the extent of [ ?[ ; and she is hereby invested with the right to buy, sell, hold, convey and mortgage real and personal property, and to sue and be sued as a *feme sole.*"

A demurrer to the bill was filed, for want of equity, assigning several specific grounds of demurrer; and the chancellor's decree overruling the demurrer is now assigned as error.

WATTS & SON, and WILLIAMSON & WILLIAMS, for appellants.—The complainants do not seek a personal judgment against Mrs. Mohr, but ask to set aside and vacate, on the ground of constructive fraud, a conveyance executed by her after the death of her husband—after she had become discovert; and they do not allege when or how she acquired that property—whether during coverture or afterwards, whether before or after the decree removing her disabilities of coverture. Nor are the allegations of the bill sufficient to show that the purchases made by her husband, and his acceptances, are binding on her.—*Louisville Coffin Co. v. Stokes*, 78 Ala. 372; *Loeb v. McCullough*, 78 Ala. 533; *McDonald v. Elyton Land Co.*, 78 Ala. 382; *Wilder v. Abernathy*, 54 Ala. 644. Mrs. Mohr's petition to the chancellor alleges that she was possessed of a stock of goods as a statutory separate estate, and asks to be relieved of the disabilities of coverture as to it, so that she may engage in merchandizing; and if the decree had only granted that relief, it would have been void.—*Dreyfus v. Wolffe*, 65 Ala. 496; *Cohen v. Wollner*, 62 Ala. 236; *Ashford v. Watkins*, 70 Ala. 156. But, giving to the decree the full effect of a decree rendered in full compliance with the statute, it did not make Mrs. Mohr a free-dealer—did not authorize her to contract generally, or to buy goods on credit; did not remove her husband as trustee of her property, nor interfere with his right to receive and use the income of her statutory estate. All the decisions of this court, except *Parker v.*

[Mohr v. Senior & Son.]

*Roswald*, 78 Ala. 526, are to this effect; and that case can not be reconciled with the former decisions.—*Dreyfus v. Wolffe*, 65 Ala. 496; *Cohen v. Wollner,* 72 Ala. 236; *Ashford v. Watkins*, 70 Ala. 156; *Doe v. Burke,* 74 Ala. 530; *Falk v. Hecht*, 75 Ala. 293; *Hatcher v. Diggs,* 76 Ala. 189; *Cook v. Meyer Bros.*, 73 Ala. 580; *Sulzbacher v. Meyer*, 76 Ala. 121.· As to similar decisions in other States, see *Glover v. Alcott*, 11 Mich. 470; *Davis v. Millet,* 34 Maine, 429; *Williams v. Haywood*, 117 Mass. 532; *Bank v. Partee,* 99 U. S. 325.

TOMPKINS, LONDON & TROY, *contra,* cited *Parker v. Roswald*, 78 Ala. 528; *Ashford v. Watkins,* 70 Ala. 156; *Cohen v. Wollner,* 72 Ala. 233; *Hatcher v. Diggs,* 76 Ala. 189; 55 Amer. Dec. 608; 53 N. Y. 93, 422; 74 Ill. 306.

CLOPTON, J.—Mrs. Mohr, being a married woman, was relieved of the disabilities of coverture under the provisions of section 2731 of the Code of 1876. Her petition, which alleges that she owns a statutory separate estate consisting of a stock of merchandise, is sufficient to give the chancellor jurisdiction, and the proceedings and decree appear to be in substantial conformity to the statute, and regular.—*King v. Bolling,* 75 Ala. 306; *Meyer v. Sulzbacher*, 76 Ala. 120. After the rendition of the decree, Mrs. Mohr purchased goods, wares and merchandise of appellees, during the lifetime of her husband; and after his death, made a voluntary conveyance of real estate to her son, Marcus Mohr. The bill is filed by appellees, and seeks to annul and set aside the conveyance, and to condemn the real estate to the payment of their claims. The appeal is taken from a decree of the chancellor overruling a demurrer to the bill.

The main question presented for decision is, whether a married woman, who has been relieved of the disabilities of coverture, under the statute, has capacity to contract a debt, in consideration of the purchase of goods, wares and merchandise, on which the creditor can maintain a bill, under section 3544 of Code of 1886, to subject to the payment thereof property fraudulently transferred or conveyed by the married woman; the answer to which depends on the question, whether such debt creates a personal obligation, on which a personal judgment can be rendered. In *Parker v. Roswald,* 78 Ala. 526, it was held, that a married woman, whose disabilities of coverture had been removed, could be sued at law on a debt

afterwards contracted in a purchase of merchandise, for the
purpose of carrying on business in her own name as a sole
trader, and a personal judgment rendered against her. As
the statute under consideration has been repealed, and there-
fore ceased to be of future practical importance, we should
have contented ourselves with resting on the decision in
*Parker v. Roswald,* had it not been assailed by counsel, in an
elaborate and exhaustive argument, as in conflict with, and a
departure from the principles of previous decisions, in which
the statute received interpretation.

By the uniform construction of the general statutes creat-
ing and regulating the separate estates of married women,
they were regarded as enabling, but not enlarging the wife's
capacity to contract, even in reference to her separate estate,
except in the mode and for the purposes prescribed and de-
fined. While the statutes created a liability for articles of
comfort and support of the household, and the tuition of the
wife's children, she could not otherwise make a contract,
which would charge her estate, or on which a personal judg-
ment could be rendered against her. Her capacity at com-
mon law to acquire property by purchase was not enlarged,
and she had no power of disposition, except by the joint sale
and conveyance of herself and husband, or by will. After
the general statutes had been in force for many years, and
their effect and operation been discovered, the legislature
deemed it expedient to provide for the enlargement of the
wife's capacities in certain respects and for specific purposes.
To this end, the act of February 10, 1875, amending the
former act of April 15, 1873, was passed, conferring juris-
diction on the chancellors to remove the disabilities of cover-
ture, with authority to act in term time or vacation. The
amendatory act constitutes section 2731 of Code, 1876, and
precisely defines the power as follows: "to relieve married
women of the disabilities of coverture as to their statutory
and other separate estates, so far as to invest them with the
right to buy, sell, hold, convey and mortgage real and per-
sonal property, and to sue and be sued as *femes sole.*" Like
the general statutes, this statute has been uniformly construed
as enabling in its purpose, and as authorizing the exercise
only of the specified powers, and only in reference to
statutory or other separate estates. It was not intended to
vest a married woman with all the rights of a *feme sole,* nor
to constitute her a free-dealer, nor to remove the trusteeship
of the husband, or deprive him of the right to receive the

rents, income and profits.   She can make contracts touching and concerning property only; the power to contract generally being withheld.   Neither does the statute operate to change the character of the estate—to convert a statutory into an equitable separate estate.   On this uniform construction of the statute, counsel base their contention, that the case of *Parker v. Roswald, supra,* is inconsistent with the principles settled by the former decisions, and can not be sustained without ignoring all previous cases.

The first argument is, that it is apparent from the petition of Mrs. Mohr, that her purpose in procuring the removal of the disabilities of coverture was to engage in a mercantile business, and that the right to carry on such business, or to buy goods for that purpose, is tantamount to capacity to make general contracts, which the chancellor has no authority to confer. · The vice of the argument consists in the failure to regard the questions decided, the manner in which they arose, and in the misinterpretation and misapplication of some expressions contained in the opinions delivered in the cases of *Ashford v. Watkins,* 70 Ala. 156, and *Falk v. Hecht,* 75 Ala. 293, which are cited and mainly relied on.

In the first case, the mortgage in question rested on the validity of a decree of the chancellor, which declared Mrs. Ashford "to be a *feme sole* only so far as to invest her with the right to mortgage her said house and lots, in order to obtain an addition to her stock of goods and merchandise." The decree was held invalid, and the reason assigned is, "the want of jurisdiction to change, temporarily and partially, the *status* of the appellant, as a married woman—to convert her into a *feme sole* for a specific purpose, and as to specific property—renders the decree void." The principle underlying the decision is, that as a married woman has not capacity, either at common law, or under the statutes creating separate estates, to engage as a sole trader in merchandise, the chancellor had no jurisdiction to confer only this partial and specific right, and that all the powers prescribed by the statute must be conferred as an *entirety.*   It was not intended to decide what would be the capacity of the wife in this respect, under a valid decree rendered on a sufficient and proper petition.   Equally invalid would have been a decree removing her disabilities of coverture so as to invest her solely, separately and specifically with a right to sell, convey and mortgage property for any other specific purpose, for the reason, that the chancellor has no jurisdiction to convert

a married women into a *feme sole* for any one of the statutory purposes singly.

In the last case cited, the decree was in the words of the statute, but was rendered on a petition the prayer of which was, that a decree be rendered declaring Mrs. Falk "a free-dealer, relieving her of the disabilities of coverture, as to her said statutory separate estate, so far as to invest her with the power to mortgage the same, to enable her to invest her means in purchasing a stock of goods and groceries." The decree, though following the statute, was held invalid on the ground, that "it passes beyond the petition, confers capacity, and works a change in the *status* of the wife, to which she did not express her assent, as the statute requires its expression, and which the chancellor could not impose upon her *in invitum*." The sole question was the power or jurisdiction of the chancellor to render such decree on such petition. What would have been the effect, had the petition conformed to the statute, may be inferred from the following observations in the opinion: "It is insisted, however, and such was the view of the court below, that the decree of the chancellor, relieving Mrs. Falk of the disabilities of coverture, so far as to invest her with the right to buy, sell, hold, convey and mortgage real and personal property, and to sue and be sued as a *feme sole*, empowered her to execute the mortgage without the concurrence of her husband. Such, it may be admitted, is the effect and operation of the decree, if it is valid—if the chancellor had power and jurisdiction to render it. The power and jurisdiction, if it exists, must be derived from the statute." Neither of those cases involved the question of the right of a married woman, who had been relieved of the disabilities of coverture by a valid decree under the statute, to contract a personal obligation in the purchase of goods for the purpose of carrying on a mercantile business. The question arose more directly in *Meyer v. Sulzbacher, supra*, where a decree was upheld, which was rendered on a petition setting forth in what the separate estate consisted, and expressly stating, "that your petitioner wishes to employ her said separate estate in merchandizing, as her husband is experienced in that business, and can in this way best employ her said means," notwithstanding the part of the decree which conferred power "to contract and be contracted with," was held invalid. The wife's purchase of a stock of merchandise from her husband was sustained.

It is further insisted that *Parker v. Roswald* is incon-

sistent with the interpretation of the statute, that it does not remove the trusteeship of the husband, nor deprive him of his right to the rents, income and profits of his wife's statutory separate estate, as held in *Cook v. Meyer Bros.*, 73 Ala. 580. The principle on which that decision rests is, that the general statute, which constitutes the husband trustee, is not repealed by the later statute, expressly or by implication. But it is also said, "an enlargement of the capacity of the wife may render less valuable, and may result in impairing or defeating the right of the husband to the rents, income and profits of her statutory estate; but, while the statute remains, the trusteeship of the husband, and the consequent right to the rents, income and profits, are not inconsistent or repugnant to the capacity of the wife. Upon fair and just construction, the statute conferring on him the right, can be reconciled with the later statute, conferring enlarged capacity on the wife." In *Cohen v. Wollner*, 72 Ala. 233, it was held, that the later statute authorized the wife, when relieved of the disabilities of coverture, to do the acts enumerated therein, as a *feme sole*, "without the concurrence, and against the consent of her husband." And in *Robinson v. Walker*, 81 Ala. 404, it was held, that a married woman, relieved of the disabilities of coverture, "could exercise each of these powers severally, in her own discretion, just as if she were a *feme sole*." The statute should not be construed to destroy or impair the rights of the husband and trustee, further than its words, when fairly and reasonably construed, clearly imply. The trusteeship of the husband is terminated, not by the statute itself, but by the co-operative effect of the execution of a power authorized. which is inconsistent with its continuation. His trusteeship continues until the wife exercises some right conferred. If she buys property, which thereby becomes her statutory separate estate, the husband becomes the trustee thereof; and if she sells and conveys property, his trusteeship, *ipso facto*, terminates, the same as when, under the general statute, the husband and wife united in a sale and conveyance of property. The operation of the later statute is, to lessen and restrict the right of the husband to manage and control the statutory separate estate of the wife, in so far that he can not defeat or prevent the execution of the specific powers conferred on her, when relieved of the disabilities of coverture under the statute.

The manifest purpose of the statute was to provide a well

[Mohr v. Senior & Son.]

defined alteration of the *status* of a married woman, having a separate estate, by relieving her of the disabilities of coverture, and enlarging her capacity beyond the provisions of the general statute, to the extent prescribed, and for the purposes specified. "While it does not constitute a married woman a free-dealer, it clothes her, as far as the statute extends, with all the civil powers of a *feme sole.*"—*Dreyfus v. Wolffe*, 65 Ala. 496. She has therefore power to buy property, without limitation as to kind or character, other than real or personal, or restriction as to mode—a right to buy, take and hold, the property thus purchased as her separate estate. She may buy in any of the usual modes, for cash or on credit, or both; and if purchased on credit, in whole or in part, the debt contracted constitutes, under the statute, a personal obligation, the same as if she were a *feme sole.* She may purchase, without the husband's concurrence, and against his dissent. The statute thus enlarges her capacity at common law to purchase property, and converts the purchase-money, which was otherwise a charge on the property merely, into a personal obligation. Such contracts of purchase touch and concern property, and relate to the wife's separate estate; and power to make such special contracts is not an equivalent of capacity to make contracts generally.

When, in addition to the power to contract such debts, the statute provides that she may *sue* and be *sued* as a *feme sole*, the logical sequence is, that a personal judgment may be rendered, which, like judgments against parties *sui juris*, will be enforced against any property she may own liable to execution, without reference to the time when acquired. As there is nothing in the statute indicating a contrary purpose, a judgment against her, founded on an authorized contract, has the same force and effect as other personal judgments rendered in actions at law, and will be enforced in the same manner.—*Caldwell v. Waters*, 55 Amer. Dec., note, 608, where the authorities are cited. It follows, that the demands of complainants, having been incurred by Mrs. Mohr after being relieved of her disabilities of coverture, constitute a claim on which complainants may maintain the bill to subject property fraudulently transferred or conveyed, which would have been liable to execution on a personal judgment against her.

Affirmed.