## HETHERINGTON *vs.* HIXON.

[BILL IN EQUITY TO FORECLOSE MORTGAGE.]

1. *Note already delivered, signing of as surety ; when imposes no obligation on surety.*—The signing of her husband's note, previously made and delivered by him, by a wife, as his surety, does not impose on her any obligation which will sustain its subsequent recognition.

2. *Same.*—Where a widow gave her note, secured by mortgage, for the payment of her deceased husband's debt, at the instance of the promisee, the mere fact that his notes were given up to her is not proof of a valid consideration. It must be shown that obtaining the notes, as something of value, entered into the inducement to her agreement.

3. *Same.*—In such a case, loss subsequently sustained on account of a failure to file the notes as claims against his insolvent estate, can not create a consideration, although the non-claim was in consequence of the creditor's belief that he had otherwise secured their payment.

APPEAL from Chancery Court of Monroe.
Heard before Hon. CHARLES TURNER.

The facts are stated in the opinion.

J. W. POSEY, for appellant.
R. C. TORREY, *contra.*

(No briefs came into Reporter's hands.)

B. F. SAFFOLD, J.—The appeal is taken from a decree foreclosing a mortgage given to secure the payment of a promissory note executed under the following circumstances : Mrs. Hetherington, during her marriage, signed, as surety for her husband, a note which had been previously made and delivered by him. After his death she executed a note for $1,000, the consideration of which was this note, and another for about $200, signed by her husband alone, with the accrued interest on both. Afterwards, on being pressed to do so by the appellee, Mary Hixon, she substituted for this last obligation the note and

20

mortgage, the foundation of this suit, out of which the small note, above mentioned, was entirely omitted. The said acts of Mrs. Hetherington, as a *feme sole*, occurred after the appointment of an administrator *de bonis non* of the insolvent estate of her husband under a bond of $20,000. The land mortgaged was her separate statutory estate.

Her execution of the note of her husband, as his surety, was inoperative, both because she was a *feme covert*, and it was without consideration. It, therefore, did not impose on her any obligation which would sustain its subsequent recognition. An illustration of the rule that a moral obligation does not form a valid consideration for a promise, unless the moral duty were once a legal one, is that the promise of a widow to pay for money expended at her request, or lent to her during her marriage, is void.— 1 Parsons on Contracts, 361 ; *Wilkinson v. Cheatham*, Jan. term, 1871.

The case of *Vance v. Wells*, 8 Ala. 390, is not an adverse authority, because there the consideration and the obligation were concurrent. Besides, that decision may be referred to the principle of a married woman's power to bind her separate estate, which was destroyed by the law of the separate statutory estates of married women.— *Wilkinson v. Cheatham, supra.*

Mrs. Hetherington entered into this contract about five years after her husband's estate had been declared insolvent, and at the solicitation of the complainant, on her supposed existing liability. The insolvency of her husband's estate was positive, though not conclusive, evidence that she did not mean to purchase his notes, while the only indication that they were of any value is given by the appointment of an administrator *de bonis non*, under a bond of $20,000.

While a note upon an insolvent person or estate may be a sufficient consideration for a promise to pay money, yet, where it was obtained, not as an inducement to the promise, but as a substitution of papers, and at the request of the promisee, the mere fact of loss subsequently sustained

on account of a failure to file it as a claim against the estate can not create a consideration, although the non-claim was in consequence of the creditor's belief that he had otherwise secured its payment.—2 Kent's Com. 465 ; *Maull v. Vaughn*, January term, 1871.

As a note given for a pre-existing debt is not a payment or extinguishment of such debt, unless it was so agreed between the parties, and the taking of such a note does not even raise the presumption of payment or extinguishment ; so a note given for the debt of another is not a purchase of the debt, unless it was so agreed.—*Marshall v. Marshall's Ex'r*, 42 Ala. 149; *Mooring v. Mobile Marine Dock & Ins. Co.*, 27 Ala. 254. The complainants can not recover unless they can relieve their case from the condition of an obligation to pay the debt of another without an original concurrent consideration agreed to by the parties at the time.

The decree is reversed and the cause remanded.