[Hixon v. Hetherington.]

# Hixon *v.* Hetherington.

*Bill in Equity to foreclose Mortgage.*

| 57 | 165 |
|----|-----|
| 93 | 511 |

1. *Statutory separate estate; what imposes no obligation on.*—When a ·note made and delivered by a husband, was afterwards signed by the wife, who owned a separate statutory estate only, such signature imposed no obli- ;gation on the wife to pay the note.

2. *Note and mortgage; what sufficient consideration for.*—Where a widow, in exchange for notes of her husband, which were of value and -enforcible in her hands against his estate, gave her own notes, secured by .a mortgage, thereby obtaining an extension of the time of payment, such transaction, in the absence of fraud, duress, or mistake of fact, is valid; the surrender of a note, founded on a valuable consideration to the maker, and the acceptance by the payee of a smaller note, with a postponement of the time of payment, is a sufficient consideration to sustain the second note. (Overruling *Hetherington v. Hixon,* 46 Ala. 29).

APPEAL from Chancery Court of Monroe.
Heard before Hon. CHARLES TURNER.
The opinion states the case.

TORREY and CUMMING, for appellant.

POSEY and HERBERT, *contra.*

STONE, J.—This case has been, heretofore, before this ·court—see *Hetherington v. Hixon,* 46 Ala. 297—and it was then held that Mrs. Hetherington was not liable on the note .and mortgage, to enforce the collection of which this bill was filed. The material facts of this case are as follows : John H. Hetherington, husband of appellee, was indebted to Mrs. Hixon by two promissory notes; one of two hundred dollars, and the other of over four hundred. To the note last mentioned, the name of Mrs. Hetherington was signed -as a co-maker; but when she executed it she was a *femme-covert,* wife of said John H., owning a statutory separate -estate. John H. Hetherington died. Subsequently, when Mrs. Hetherington was a *femme-sole,* she gave her own note for one thousand dollars, the sum of the two notes with interest, and took up the two notes of her deceased husband, ;and retained them. At a later day, by agreement with Mrs. Hixon, she gave a new note for seven hundred and twenty-five dollars, in lieu of the note for one thousand dollars previously given, and executed a mortgage on real estate to

[Hixon v. Hetherington.]

secure its payment. In giving each of these notes, a post-ponement of the maturity of the debt was secured. We·have not noticed the·circumstances attending the execution of either of the notes, for we consider them immaterial. They show neither fraud nor duress; and if any mistake was made, it was one of law, not of fact.—1 Brick. Dig. 680, § 593; *Gwynn v. Hamilton*, 29 Ala. 233; *Townsend v. Cowles*, 31 Ala. 428. It is shown in this case that the estate of John H. Hetherington had assets equal to fifty cents or· more in the dollar of its debts. When Mrs. Hetherington took up the notes of her deceased husband, she became the owner of them, and, by proper proceedings, could have successfully asserted her claim for their allowance as a debt against his estate.

In considering this case, we may discard altogether the fact that Mrs. Hetherington had, during coverture, signed the note of her husband. That act was simply void. We may then treat the transaction as if the two notes first taken up by Mrs. Hetherington had only the signature of· her husband. And the inquiry arises, was there a consideration for Mrs. Hetherington's notes? If there was a consideration for the first note made by her, the surrender of· that note, reduction of the amount, and extension of the time of payment, very amply supply the element of consideration to uphold the second.

In *Rutledge v. Townsend, Crane & Co.* 38 Ala. 706, we said, "that which creates some benefit to the party promis-·ing, or causes some trouble, inquiry, inconvenience, prejudice or detriment to the promisee, is a consideration which will uphold a promise." In support of this we cited many authorities.—See, also, 1 Brick. Dig. 382, § 114.

The transaction disclosed in this record meets both the requirements of benefit to the promisor, and detriment to·· the promisee. Mrs. Hixon, in surrendering the notes, suffered a loss; while, by the same transaction, Mrs. Hetherington acquired a benefit, which she could have enforced and made available, at least in part, against her husband's· estate. The consideration being valuable, no question can. be raised, in the absence of .fraud, betrayed confidence, &c.,. as to its sufficiency. We therefore hold, that the complainant in this bill is entitled to the relief which she prays.

The decree of the Chancery Court is reversed; and this court, proceeding to render the decree which the chancellor· should have rendered, doth hereby order and decree, that the complainant is entitled to relief, and to have the mort-·

gage, set forth in the pleadings, foreclosed for her benefit, which is hereby done. It is refused to the register of said chancery court to take an account, and report to said court the amount due on said mortgage debt, embracing in such report interest until the earning in of the report. All other questions are reserved for decision in said chancery court.

Reversed, rendered and remanded. The case of *Hetherington v. Hixon*, 46 Ala. 297, is overruled.