# Falk *v.* Hecht.

*Bill in Equity by Married Woman to have vacated and set aside Mortgage on Land, her Statutory Separate Estate.*

| 75 | 293 |
|----|-----|
| 99 | 450 |
| 75 | 293 |
| 103 | 294 |
| 75 | 293 |
| 113 | 409 |
| 75 | 293 |
| 118 | 641 |
| 75 | 293 |
| 123 | 421 |

1. *Mortgage of wife's statutory separate estate void.*—A mortgage, purporting to be executed by a married woman alone, and to convey lands belonging to her as her statutory separate estate, is void, because of her want of capacity to execute it, and because the husband does not join in its execution.

2. *Relief of married women from disabilities of coverture ; statute strictly construed.*—The statute conferring on the chancellors or this State power to relieve married women of the disabilities of coverture (Code, 1876, §§ 2731–2), is the delegation of power which is in its nature, not strictly judicial, but is a part of the general prerogative power of the General Assembly to define or change the legal *status* of citizens, upon whom the general law had imposed special disabilities; and, like all other statutory powers, it must be exercised in the mode, and for the purposes the statute appoints and declares.

3. *Same ; what essential to validity of decree.*—The mode appointed by the statute for calling such power or jurisdiction into exercise, is by a petition, or an application in the nature of a petition, filed by the wife through her next friend, and disclosing the facts which authorize the court to proceed to the rendition of the decree; and if the wife be not the actor, or if she is the actor, and the petition does not disclose the facts upon which the court is authorized to proceed to the rendition of the decree, all subsequent proceedings are *coram non judice*, and invalid.

4. *Same; when petition insufficient.*—Under the statute, the chancellor has no jurisdiction to confer on a married woman the capacity to engage in business, to become a sole trader, or to mortgage lands, solely and separately; and hence, a petition filed by a married woman, which, after averring the citizenship of herself and husband, her ownership of lands described, as her statutory separate estate, that she desires to invest her means in the purchase of a stock of goods and groceries, and that unless she can mortgage her lands she can not make the investment, prays that the chancellor will render a decree, "declaring her a free-dealer, relieving her of the disabilities of coverture as to her said statutory separate estate, so far as to invest her with the right to mortgage the same, to enable her to invest her means in purchasing a stock of goods and groceries," does not conform to the requirements of the statute ; and a decree rendered thereon, though following the words of the statute, is unauthorized and void.

[Falk v. Hecht.]

APPEAL from Lawrence Chancery Court.

Heard before Hon. THOMAS COBBS.

The bill in this cause was filed on 2d May, 1883, by Fannie Falk, a married woman, the wife of Jacob W. Falk, against Joseph Hecht and her said husband, to have vacated and set aside a mortgage executed by her alone (her husband not joining in its execution), on 9th October, 1877, purporting to convey to the said Hecht a tract of land in Lawrence county, her statutory separate estate, to secure a liability of her husband; and to enjoin a sale of the premises under a power contained in the mortgage, which the said Hecht was proceeding to make. The bill avers that " the defendant Hecht affirms and will endeavor to maintain that she had the power and authority to execute said mortgage under and by virtue of a decree rendered in vacation on the 22d day of September, 1877, by Hon. H. C. Speake, chancellor of the then Northern Chancery Division of Alabama, which said decree purports to declare complainant relieved from the disabilities of coverture, so far as to invest her with the right to buy, sell, hold, convey and mortgage her real and personal property, and to sue and be sued as a *femme sole*." The proceedings before the chancellor, including the petition, answer and consent of the husband, and the chancellor's decree, are exhibited with the bill; and it is averred that the decree was unauthorized by law and void. The contents of the petition are sufficiently stated in the opinion, and the decree based thereon substantially follows the language of the statute.

On the hearing, had on pleadings and proof, the chancellor was of the opinion that the proceedings to have the complainant relieved of the disabilities of coverture were regular, and the decree valid, conferring upon her the power to execute the mortgage in controversy; and caused a decree to be entered, dissolving a temporary injunction which had been issued, and dismissing the bill. That decree is the basis of the assignments of error here made.

R. O. PICKETT, for appellant.

WHEELER & SPEAKE, contra.

BRICKELL, C. J.—The statute (Code of 1876, §§ 2707–9) authorizes husband and wife, by instrument in writing, attested or acknowledged as the statute directs, to sell and convey the statutory separate estate of the wife. As has been frequently said, the statute contemplates a sale, a conversion of the property of the wife into money, which may be re-invested in other property, or which may be employed for her benefit; or into

that which is the equivalent of the property, and upon which, whether it be money, or property of some other species, the statutory uses and trusts are impressed. The power to sell does not include the power to mortgage, whatever may be the consideration of the mortgage, or of the debt it is intended to secure.—*Garrett v. Lehman*, 61 Ala. 391; *Gilbert v. Dupree*, 63 Ala. 331. The instrument now impeached, purporting to be executed by the wife alone, and to convey lands, her statutory separate estate, as a security for the payment of a debt, is, of consequence, void, because of her want of capacity to execute it. It is also void, because the husband is not a party to it, and does not join in its execution. In this State, the separate estate of a married woman in lands, whether the estate is equitable or statutory, can not be conveyed or divested by any deed or instrument, in the execution of which the husband does not join.— *Waddell v. Weaver*, 42 Ala. 293; *Ellett v. Wade*, 47 Ala. 456.

It is insisted, however, and such was the view of the court below, that the decree of the chancellor relieving Mrs. Falk of the disabilities of coverture, so far as to invest her with the right to buy, sell, hold, convey and mortgage real and personal property, and to sue and be sued as a *feme sole*, empowered her to execute the mortgage without the concurrence of her husband. Such, it may be admitted, is the effect and operation of the decree, if it is valid—if the chancellor had power and jurisdiction to render it. The power or jurisdiction, if it exists, must be derived from the statute.—Code of 1876, §§ 2731–2. The statute is a delegation to the chancellor of power in its nature not strictly judicial; it is a part of the general prerogative power of the General Assembly to define or to change the legal *status* of citizens, upon whom the general law had imposed special disabilities. Like all other statutory powers, it must be exercised in the mode, and for the purposes the statute may appoint and declare. A petition, or an application in the nature of a petition, filed by the wife through her next friend, is the mode of calling the power or jurisdiction into exercise. The petition or application must disclose the facts which authorize the court to proceed to the rendition of decree. If the wife be not the actor, or if she is the actor, and the petition does not disclose the facts upon which the court is authorized to proceed to the rendition of decree, all subsequent proceedings are invalid; they are *coram non judice.*— *Cohen v. Wollner*, 72 Ala. 233. The power to hear and determine a cause is jurisdiction; and it is *coram judice*, whenever a case is presented which calls the power into exercise. But, when a judicial tribunal is in the exercise, not of its original, inherent power or jurisdiction, but of a power or jurisdiction strictly

statutory, which it could not exercise if a statute did not expressly confer it, the principle is too well settled to be discussed, that the jurisdiction can not be affirmed to exist, until it is made to appear that the requirements of the statute have been pursued; nothing is intended to be within the jurisdiction, except that which affirmatively appears.—*Foster v. Glazener*, 27 Ala. 391; *Gunn v. Howell*, *Ib.* 663.

The petition upon which the decree is founded, filed by the wife, avers her citizenship and that of the husband, and that she is the owner of lands described, which are her statutory separate estate. The further allegation is, that she desires to invest her means in the purchase of a stock of goods and groceries, and that unless she can mortgage her lands, she can not make the investment. The prayer is, that the chancellor will render a decree, "declaring her a free-dealer, relieving her from the disabilities of coverture as to her said statutory separate estate, so far as to invest her with the right to mortgage the same to enable her to invest her means in purchasing a stock of goods and groceries." A comparison of the petition with the statute, or with the decree which was rendered, is sufficient to show that the wife did not seek or claim the exercise of the power or jurisdiction the statute confers, but the exercise of a power which is not conferred. The capacity to engage in business, to become a sole trader, which is the capacity the wife claimed, the chancellor had not jurisdiction to confer. Nor had the chancellor jurisdiction to confer the capacity to mortgage lands, solely and separately. The decree rendered may conform to the statute—it may confer upon the wife the capacity to mortgage her lands, as well as the capacity to buy, sell, hold and convey real and personal property, and to sue and be sued as a *feme sole*. But, in this latter respect, the decree passes beyond the petition, confers capacity and works a change in the *status* of the wife, to which she did not express her assent, as the statute requires its expression, and which the chancellor could not impose upon her *in invitum*. As well, without the petition of the wife invoking the exercise of the statutory power and jurisdiction, might the chancellor have proceeded to the rendition of the decree, as to have proceeded upon a petition not showing affirmatively that the wife claimed the relief the statute authorizes, but other and essentially different relief.—*Ashford v. Watkins*, 70 Ala. 156. The decree is invalid; it did not operate to relieve the wife from the disabilities of coverture. As a consequence, the mortgage is void, a cloud upon the title, which a court of equity ought to remove.

Let the decree of the chancellor be reversed, and a decree will be here rendered granting the complainant appropriate relief.