## Powell *v.* New England Mortgage & Security Co.

### *Bill in Equity for Foreclosure of Mortgage, or Ratification of Sale under Power.*

1. *Relieving married woman of disabilities of coverture, by decree in chancery.*—In the exercise of the statutory jurisdiction formerly conferred on chancellors, to relieve married women of the disabilities of coverture to the extent specified (Code, 1876, § 2731), relief can not be granted by piecemeal, but the relief prayed and granted must be coextensive with the statute, neither more nor less; if the petition prays only partial relief, or less than the statute authorizes, any decree rendered upon it is void; but, if the petition conforms to the statute, while the decree goes beyond it, it is void only for the excess.

2. *Same; case at bar.*—Where the petition alleged that the petitioner owned certain lands, "which are her statutory separate estate, and which she desires to incumber or mortgage for the purpose of raising money," and therefore prayed to be "relieved of all the disabilities of coverture, to the end that she may sue and be sued as a *feme sole*, mortgage, convey, and otherwise dispose of her separate estate as fully and freely as if a *feme sole*;" while the decree declared her "relieved of the disabilities of coverture, with full power to convey, mortgage, buy, sell, or otherwise dispose of her statutory and other separate estate, to sue and be sued as a *feme sole*;" *held*, that the petition and decree, each, was fatally defective, and conferred no power to mortgage her lands.

APPEAL from the Chancery Court of Montgomery.

Heard before the Hon. JOHN A. FOSTER.

The bill in this case was filed, on what day the record does not show, by the New England Mortgage & Security Company, a corporation organized under the laws of Connecticut, against Mrs. Virginia D. Powell and her husband, James W. Powell; and sought the foreclosure of a mortgage on a tract of land, executed by the defendants to the complainant, or a ratification, at the election of the defendants, of an irregular sale under a power in the mortgage, at which the complainant became the purchaser through an agent. The mortgage was given to secure a debt for borrowed money, and was

dated November 17th, 1887; and was duly executed and acknowledged by said Powell and wife, and contained a power of sale on default. The bill alleged that Mrs. Powell, to whom the mortgaged lands belonged, had been relieved of the disabilities of coverture prior to its execution, "by proceedings in the Chancery Court of Montgomery," a transcript of which was made an exhibit to the bill. The transcript showed that, on the 21st December, 1878, a petition was filed in the name of Mrs. Powell, suing by her next friend, which alleged—"1st, that she is a resident citizen of Montgomery county, Alabama, over twenty-one years of age, and the wife of James W. Powell; 2d, that she is the owner of certain real estate and an interest in lands in Montgomery county, which are her separate statutory estate, and which she desires to incumber or mortgage for the purpose of raising money." The prayer of the petition was in these words: "Wherefore your petitioner prays, that your Honor will relieve her of all the disabilities of coverture, to the end that she may sue and be sued as a *feme sole*, mortgage, convey, and otherwise dispose of her separate estate, as fully and freely as if a *feme sole*." The consent of the husband was written at the bottom of the petition, and the case was submitted to the chancellor in vacation; and he rendered a decree in vacation, dated December 26th, 1878, as follows: "It is therefore ordered, adjudged and decreed, that Virginia D. Powell, wife of James W. Powell, of Montgomery county, be, and she is hereby, relieved of the disabilities of coverture, with full power to convey, mortgage, buy, sell, or otherwise dispose of her statutory and other separate estate, to sue and be sued as a *feme sole*."

The defendants demurred to the bill, assigning specially several causes of demurrer assailing the validity of the chancery proceedings. The chancellor overruled the demurrer, and his decree is here assigned as error.

WATTS & SON, for appellant.

THORINGTON & SMITH, *contra*.

STONE, C. J.—The question in this case is, whether certain proceedings had before the chancellor so far relieve Mrs. Powell of the disabilities of coverture, as to make the mortgage executed by her a binding lien on the land therein described. A transcript of those proceedings is made an ex-

hibit to the bill.    An attempt had been made, under section
2731 of the Code of 1876, to have Mrs. Powell relieved of
her disabilities of coverture, as to her statutory and other
separate estates, so far as to invest her with the right "to
buy, sell, hold, convey, and mortgage real and personal prop-
erty, and to sue and be sued as a *feme sole.*"   The petition
was addressed to the chancellor in vacation, and was acted
upon by him in vacation.

This statute has been several times before us for interpre-
tation.    Our uniform ruling has been, that it is enabling,
and that to obtain the benefits it offers, the whole, and not a
part of the relief it tenders, must be set forth, and embodied
in the prayer; in other words, that no  fractional relief, less
than the whole, can be obtained under this statute.    The
chancellor has no power to grant any relief, unless all the
statute provides is asked for, and he can confer no greater or
other powers than those enumerated in the statute.    Asking
to be relieved of only a part of the enumerated disabilities,
falls short of putting the jurisdiction and powers of the
chancellor into exercise; and any  decree he may render on
such petition is a nullity.—*Ashford v. Watkins*, 70 Ala. 156;
*Cohen v. Wollner*, 72 Ala. 233; *Falk v. Hecht*, 75 Ala. 293.
So, in *Meyer v. Sulzbacher*, 76 Ala. 120, 127, we said: "That
the powers authorized by the statute to be conferred must all
be conferred, or  withheld together, as an entirety, and that
this jurisdiction can  not be exercised by piecemeal."    If,
however, the relief granted be greater than the  statute al-
lows, but yet both pleadings and decree cover the whole field
of permissible relief, such decree will be void only for the
excess.—*Meyer v. Sulzbacher, supra*; *Mohr v. Senior*,
85 Ala. 114.

The petition, under which Mrs. Powell obtained her relief,
is fatally defective.    It simply avers that she owns lands, her
statutory separate estate, "which she desires to incumber, or
mortgage, for the purpose of raising money."    The prayer
is, "that your Honor will relieve her of all the disabilities of
coverture, to the end that she may sue and be sued as a *feme
sole*, mortgage, convey, and  otherwise dispose of her sepa-
rate estate, as fully and freely as if she were a *feme sole*."
It will be seen that several of the provisions of the statute
are ignored.    The decree is fuller; but, to the extent it goes
beyond the petition and its prayer, it is *coram non judice*.
But, it is itself defective.

Reversed, and demurrer sustained.    Remanded, with in-

[Carroll v. Richardson.]

structions to the chancellor to dismiss the bill, unless, per-
chance, the defects pointed out above can be cured by
amendment.

Reversed and remanded.