# New England Mortgage Security Co. v. Powell.

94   423
99   449

*Bill in Equity for Foreclosure of Mortgage, or Ratification of Sale under Power; Statutory Action in nature of Ejectment, by Mortgagor against Mortgagee.*

1. *Relieving married woman of disabilities of coverture by decree in chancery.*—A petition filed by a married woman under the statutory provisions formerly of force (Code of 1876, § 2731), alleging her ownership of certain lands, "which are her statutory separate estate,

[New England Mortgage Security Co. v. Powell.]

and which she desires to incumber or mortgage for the purpose of raising money," and therefore praying to be "relieved of all the disabilities of coverture, to the end that she may sue and be sued as a *femme sole*, mortgage, convey, and otherwise dispose of her separate estate as fully and freely as a *femme sole*," is not a substantial compliance with the statute, nor sufficient to invoke the statutory jurisdiction conferred on the chancellor; and a decree founded on such a petition, whether conforming to the words of the statute or not, is void for want of jurisdiction.

2. *Ratification of void mortgage by married woman.*—A mortgage executed by a married woman under authority supposed to be conferred by a decree in chancery relieving her of the disabilities of coverture, being void because the chancellor had no jurisdiction to render the decree, a ratification of it since the enactment of the statutes now of force (Code, §§ 2341-51) requires a new and independent consideration to support it.

APPEALS from the Chancery and Circuit Courts of Montgomery.

Before Hon. JOHN A. FOSTER, and Hon. JOHN P. HUBBARD.

These two cases, involving the same facts and legal points, were argued and submitted together. The facts, stated in brief, are these: On the 21st of December, 1878, a petition was filed with the register in chancery at Montgomery, by Mrs. Virginia D. Powell, the wife of James W. Powell, praying relief from the disabilities of coverture under the statutes then in force (Code of 1876, § 2731); and a decree was rendered in her favor by the chancellor, in vacation, on the 26th of December, 1878. The contents of the petition, and the terms of the decree, are copied in the report of the case between these parties on a former appeal (87 Ala. 602), and it is unnecessary to repeat them here. On the 17th November, 1881, Mrs. Powell and her husband joined in a mortgage of lands, which belonged to her statutory estate, to the New England Mortgage Security Company, as the name appears in the present transcripts, to secure a debt for money loaned; and the mortgage contained a power of sale on default. On the 29th December, 1887, default having been made in the payment of the secured debt, the lands were sold under a power in the mortgage, and were bought in by the mortgagee, through a third person as its agent. On the 15th January, 1889, as the transcript of the case now shows, the mortgagee filed its bill, stating the facts above recited, and asking a foreclosure of the mortgage, or, at the election of the defendants, a ratification of the sale under the power. The chancery proceedings relieving Mrs. Powell of the disabilities of coverture were made an exhibit to the bill; and the defendants assailed their validity, by demurrer to the bill. The chancellor sustained their validity, and overruled the demurrer; but his decision was reversed by this court on appeal, and the cause was remanded.—87 Ala. 602.

After the decision of the case on that appeal, an amended bill was filed by the complainant, setting up, as a ratification of the mortgage, an instrument in writing signed by Mrs. Powell, and her husband, dated October 18th, 1887, and directed to her tenants in possession; instructing them that she had delivered the possession of the premises to the mortgagee, and that they must attorn to the mortgagee. The chancellor sustained a demurrer to the amended bill, for want of equity; and his decree is here assigned as error.

On the 16th October, 1889, after the decision of the case by this court on the former appeal, Mrs. Powell brought a statutory action in the nature of ejectment, against the tenants in possession to recover the possession of the land, with damages for its use and occupation; and the mortgagee was made a defendant to the suit on motion. On the trial, the mortgage, the chancery proceedings relieving Mrs. Powell of the disabilities of coverture, and the former decision of this court, being in evidence, the court instructed the jury to find for the plaintiff; and this charge to which the defendant excepted, is here assigned as error.

SEMPLE & GUNTER, and WM. S. THORINGTON, for appellant, submitted printed arguments, in which they assailed the correctness of the decision of this court on the former appeal.

WATTS & SON, CONTRA, relied on the former decision of the case. and contended that the alleged ratification of the mortgage, set up in the amended bill, was void for want of consideration.

McCLELLAN, J.—These cases involve the same questions, and were submitted together. Those questions are, *first*, whether a decree in 1878, having for its purpose the relief of Mrs. Powell from the disabilities of coverture, to the extent and as provided in section 2731 of the Code of 1876, is void for insufficiency of the petition filed to that end; and, *second*, whether, conceding the invalidity of that decree, the mortgages upon which the claim of the New England Mortgage Security Company is rested, were validated by an attempted ratification on the part of the married woman after the enactment of February 28, 1887, entitled "An act to define the rights and liabilities of husband and wife."

The first question stated came before this court on a former appeal in the chancery suit now again submitted, and it was then held that the petition filed by Mrs. Powell, seeking to be relieved of disabilities of coverture, was fatally de-

[New England Mortgage Security Co. v. Powell.]

fective, and insufficient to confer jurisdiction in the premises upon the chancellor, in that it did not ask for all the relief offered by the statute, and that, of consequence, the decree was *coram non judice* and void; and also, that the decree, considered apart from the petition, was itself defective, for that, while broader than the petition, it yet did not grant the full measure of relief which the statute was intended to afford. *Powell v. New England Mortgage Security Co.*, 87 Ala. 602.

The averments and prayer of the petition are as follows: 1st, that Mrs. Powell "is a resident citizen of Montgomery county, Alabama, over twenty-one years of age, and the wife of James W. Powell; 2d, that she is the owner of certain real estate and an interest in lands in Montgomery county, which are her separate statutory estate, and which she desires to incumber or mortgage for the purpose of raising money. Wherefore your petitioner prays that your Honor will relieve her of all the disabilities of coverture, to the end that she may sue and be sued as a *femme sole*, mortgage, convey, and otherwise dispose of her separate estate, as fully and freely as if a *femme sole*." The expression of petitioner's desire to incumber or mortgage her property to raise money, and of the ends to the effectuation of which she prayed relief from the disabilities of coverture, was considered by this court on the former appeal as operating a limitation upon that part of the prayer which sought the removal of all disabilities to contract incident to the marital relation of the petitioner, so that, taking the petition as a whole, it asked for relief only so far as was necessary to enable Mrs. Powell to sue and be sued, and mortgage, convey, and otherwise dispose of her separate estate as a *femme sole*. If this construction be the correct one, the petition was, of course, insufficient to authorize any decree, since it did not ask for the relief which the statute offers, and which must be prayed and granted as an entirety, as held in numerous decisions of this court.

It is now strenuously insisted for appellant, that this construction is unsound, and that the true meaning of the petition is that the petitioner be relieved of *all* the disabilities of coverture—nothing more or less—and that what is stated therein as to the petitioner's desire to incumber or mortgage her property, and to the effect that she prays the removal of all the disabilities of coverture, "to the end that she may sue and be sued as a *femme sole*," &c., is but the "garrulous disclosure of the immediate uses to be made of the liberty to be obtained under the prayer to relieve her of all the disabilities of coverture;" and that all this should be disregarded as the merest surplusage. This position of the appellant may be fully

granted and conceded—for my own part, I consider it eminently sound—without disturbing the conclusion reached when the case was here before—that the petition was insufficient and the decree void. Applying the proposition of appellant to the proceeding, we have as a result a petition which prays relief, not to the extent that relief is afforded by the statute, but from all the disabilities of coverture,—a measure of relief far in excess of that provided for by the statute; and a decree which undertakes to grant this entire and unauthorized emancipation from the law's limitations upon the contracting capacity of the *femme covert*. With respect to the decree the further concession may be made, that, though too broad, it would be good to the extent the statute authorizes relief, and its operation would be confined to such relief if the petition was sufficient. But is there any basis for a like concession in respect of the petition? We think not. It is, of course, not to be doubted that, ordinarily, a pleader's right to particular relief is not prejudiced by a prayer for larger relief, including that to which he is entitled. It is equally true that, ordinarily, the pleader will not be denied all relief, because he asks only for less than he is entitled to. And if an argument may be predicated on the first proposition favorable to the granting to this petitioner the relief intended to be afforded by the statute, though she asks for more, that argument is wholly parried by the legal fact, as to which no controversy exists, taken in connection with the second proposition, that the pleader in this proceeding must ask for all that she is entitled to, or she gets nothing. In other words, to hold that the petitioner is entitled to no relief, because she asked for more than the law offers, is no more in the teeth of general rules of pleading, than to hold, as this court has frequently done, that she can not be awarded any relief, unless she prays for all contemplated by the act. The truth is, that the ordinary rules of pleading have no application to this matter, and for very cogent reasons.

In actions *inter partes*, the effort always is to enforce some obligation existing on the defendant. It is always to the interest of the complaining party that his claim shall be effectuated in full, or to any less extent to which he is entitled to relief on the facts adduced. Hence, the law assumes that he assents to, in fact demands, not only the full relief he prays, but any part of that relief to which he may show himself entitled. And his prayer essentially is for the whole relief, and for every part of it. But this is not a suit *inter partes*. No right is asserted against anybody. No relief is sought through the operation of the court's process upon any party. The

[New England Mortgage Security Co. v. Powell.]

effort involved is simply one to change the legal *status* of the petitioner, to give her a different attitude before the law than she before sustained, and this purely for her own benefit. Before the court can act, she must affirmatively assent to whatever change of *status* is made, to whatever new attitude she is decreed to bear. This has been decided. Not only so, but her husband also must assent in writing to the proposed change of *status*. This the statute specifically provides. And her assent as well as his must be expressed; it is a jurisdictional fact. Now, there is no presumption of law that it is to the benefit of the petitioner that this change of *status* shall take place; the general policy of the law is against such change, and this on the theory that the wife's inability to contract tends to conserve her interests, and save her from the evil results which might spring from the dominant will of her husband. And the same is true in respect of the husband. The court can not know that any change of *status* will be of benefit to him, or meet with his approval, except as may appear from the terms of his assent, or rather from the terms of the petition to which he does assent. There is, therefore, no basis for a presumption to be indulged by the court, that either the wife or the husband has assented to any other change of *status*, or to the investiture of the wife with any other ights, than she has expressly asked, and he has expressly assented to. The court can not say, and the law does not presume, that she desires and he has assented to the grant of any integral part of the relief which she prays. It might well be that a married woman would desire to be freed from all the disabilities of coverture, and thus put upon the vantage-ground of a *femme sole* for all contractual purposes, and yet not desire to be absolved from the law's limitations only in respect of her statutory and other separate estates. Cases might be imagined in which complete emancipation would, in a sense, be necessary to the proper management of the separate estate of the wife, and in which the mere grant of power to buy, sell, hold, convey and mortgage property, and to sue and be sued as a *femme sole*, without capacity to make all other contracts which may be made by one *sui juris*, would not be conservative from any point of view of the wife's welfare, or her separate property. And similarly, there might be good reasons actuating the assent of the husband to the removal of all marital disabilities which could have no force by way of inducing him to consent that only those disabilities specified in the statute should be removed. Hence it is that we can not say, there being no presumption, and no basis for any presumption, as to what the parties desire and have assented to,

proceeding on the idea of their interests, or the benefits to accrue to them, that the petitioner here desired any other relief than that for which she expressly prayed, or that her husband assented to the granting of any other relief than that thus expressly asked for. The relief so asked was not the relief the statute authorized the chancellor to grant. There was nothing before him to show the assent of either the petitioner or her husband to the granting of the relief offered by the statute. In the absence of such showings he was without jurisdiction, and his decree, whether it follows the statute or not, is a nullity.

The decree being thus without efficacy, Mrs. Powell was under all the disabilities of coverture at the time she executed the mortgages under which appellant claims, and without any capacity in that behalf. The mortgages were, therefore, not voidable merely, but void. Granting that she might have ratified the execution of the instruments with the assent of her husband, after the passage of the act of 1887 above referred to, such ratification required a new and independent consideration to support it. It is not pretended that the ratification attempted to be set up by an amendment to the bill in the chancery case, and relied on in evidence in the suit at law, was supported by any consideration whatever. Each court properly ruled that the alleged ratification could avail nothing to the Mortgage Security Company.—14 Am. & Eng. Encyc. of Law, p. 619; *Herrington v. Hixon,* 46 Ala. 297.

We find no error in either record; and the judgment of the Circuit Court and decree of the Chancery Court are respectively affirmed.

Affirmed.