# Black *v.* Moseley.

*Bill in Equity to Ratify and Confirm Sale under a Power Contained in a Mortgage.*

1. *Petition of married woman to be relieved of the disabilities of coverture; when sufficient.*—A petition to be relieved of the disabilities of coverture, which avers that the petitioner is a married woman, of lawful age, and the owner of a statutory separate estate, that she has sustained losses by fire, and in order to re-build it is necessary to mortgage such estate, and which prays "that she be decreed a *feme sole*, for the purposes of, and so far as to invest her with the right of, executing a mortgage on her statutory separate estate, and for such further and other relief as the nature and equity of this case, and the statute for such cases made and provided, will allow," is sufficient to support a decree relieving her of the disabilities of coverture, in accordance with the statute then existing —(Code of 1876, § 2731).

[Black v. Moseley.]

APPEAL from Decatur City Court, in equity.

Heard before the Hon. W. H. SIMPSON.

The bill in this case was filed by the appellee, William Moseley, against the appellant, Mrs Martha A. Black, on Oct. 26, 1891; and prayed that a foreclosure sale under a mortgage, at which the complainant became the purchaser, be ratified and confirmed, or at the option of the defendant, the mortgagor, that a resale be made.

The allegations of the bill disclose substantially the following facts : Mrs. Martha A. Black, a married woman, filed a petition in the Chancery Court of Morgan county, Alabama, on October 16, 1881, praying that she be decreed a *feme sole* for the purpose of executing a mortgage of her statutory separate estate, and for such other and further relief as was allowed under the statute then in force. On October 19, 1881, her husband filed in said court his written assent that the prayer of said petition be granted. The averments of this petition are sufficiently stated in the opinion. On October 21, 1881, the following decree was rendered in said court : "It is ordered, adjudged and decreed by the chancellor, that Mrs. Martha A. Black, wife of William B. Black, be and she is relieved of the disabilities of coverture as to her statutory or other separate estate, so far as to invest her with the right to buy , sell, hold, convey and mortgage, real and personal property, and to sue and be sued as a *feme sole.*"

On November 1, 1881, Mrs. Black, being indebted to one Hiram S. Freeman in the sum of $2,000, evidenced by two promissory notes, payable one and two years after date, to secure the payment of the same, executed a mortgage on certain described property. On January 31, 1887, the said Freeman transferred and assigned said notes and mortgage of Mrs Black to the complainant in the present action, William Moseley. The notes not being paid, William Moseley, as the assignee of said Freeman, after giving proper notice by advertisement, on March 31, 1891, sold the property embraced in the mortgage, and at said sale he became purchaser thereof; and as such purchaser now files the present bill, praying the relief stated above.

The respondent demurred to the bill on the ground, that the complainant did not offer to do equity by offering to account for the rents and profits of the property described in the bill, since the same had been in his possession; and assigned as further grounds, that the petition set forth as an exhibit to the bill was not sufficient to give the Chancery Court jurisdiction of the matter of relieving Mrs. Black of

[Black v. Moseley.]

the disabilities of coverture, and that the decree on said petition does not follow the requirements of the statute; and that, therefore, the mortgage, at the foreclosure sale of which the complainant became the purchaser, was null and void, as having been executed by a married woman while under the disabilities of coverture. These demurrers were overruled. The respondent now appeals, and assigns as error the decree overruling her demurrers.

KYLE & SKEGGS, for appellant.

HARRIS & EYSTER, contra.—It was not incumbent upon the complainant in this bill to offer to pay or account for the rents.—McHan v. Ordway, 76 Ala. 347; McLean v. Presley, 56 Ala. 211. The petition to be relieved of the disabilities of coverture was sufficient to support a decree granting the relief prayed for.—Powell v. N. E. M. S. Co., 87 Ala. 602; Meyer v. Sulzbacher, 76 Ala. 120; Mohr v. Senior, 85 Ala. 114.

COLEMAN, J.—The only material question presented by the record is, as to the validity of the decree of the chancellor, proceeding under section 2731 of the Code of 1876, by which the plaintiff was relieved of certain disabilities of coverture. The decree of the chancellor is in precise accord with the statute. The contention arises upon the sufficiency of the petition, upon which the decree was rendered. The petition states "that she is a married woman, the wife of William B. Black, that she is of lawful age," and states the place of her residence. It avers ownership of a statutory separate estate which is particularly described. The petition then states that she has sustained losses by fire, and in order to rebuild, avers that it has become necessary to mortgage her statutory estate to borrow money. The prayer is, "that she be decreed a *feme sole* for the purpose of, and so far as to invest her with the right of executing a mortgage on her statutory separate estate, and for such further and other relief as the nature and equity of this cause, and *the statute in such cases made and provided, will allow*," &c. The assent of the husband conforms to the prayer for relief.

The only question is, whether the petition and decree bring the case within the influence of the case of *Powell v. New England Mortgage Security Co.*, first reported in 87 Ala. 602; 6 So. Rep. 339, and subsequently in 94 Ala. 423; 10 So. Rep. 324, and other cases which hold that the relief prayed for and that granted must conform strictly with the statute.

In the *Powell Case, supra,* it was considered, that the peti-

[Howard v. Taylor.]

tion admitted of but two constructions, either of which rendered it obnoxious to the statute. First, that the petition prayed for relief only so far as to authorize the wife to execute a mortgage upon her statutory estate; and, if not given this construction, then it was that she be relieved from "all disabilities of coverture." Neither construction of the petition gave the court jurisdiction to render the decree, and it was held to be void. Under one construction only partial relief was prayed for, and under the other, more relief, than was authorized by the statute. Authorities are cited in the opinion.

The fact that the petitioner asked for particular relief so as to invest her with the power to mortgage her estate, can not operate to her prejudice, or the jurisdiction of the court, when the prayer for the particular relief is followed by a prayer for all the relief, and no more, nor less, than that provided by the statute, and which general relief, if granted would include the particular relief prayed for. The principles of law declared in the *Powell Case*, 94 Ala. 423; s. c. 10 So. Rep. *supra*, and general rules of equity, sustain this proposition.—*Mohr v. Senior*, 85 Ala. 114; *Falk v. Hecht*, 75 Ala. 293; *Meyer v. Sulzbacher*, 76 Ala. 120.

The decree of the chancellor relieving the appellant of the disabilities of coverture was founded on a sufficient petition, and the decree itself is in accordance with the statute, and must be held to be a valid decree. After its rendition, the appellant was competent to execute a mortgage. The demurrer to complainant's bill was properly overruled and, the decree of the City Court is affirmed.