# Bell *v.* Locke, Adm'r, *et al.*

*Bill in Equity to have Mortgage on Statutory Separate Estate declared Invalid.*

*Separate estate of wife after removal of husband's trusteeship.*—After the removal of the husband from the trusteeship of his wife's statutory separate estate (Revised Code, §§ 2383–2384), the wife has the same power and control over her property as if she were a *feme-sole*, and her mortgage on it is valid.

APPEAL from Chancery Court of Bullock.

Heard before the Hon. B. B. McCRAW.

Appellant, a married woman, was the owner of a plantation in Macon (now Bullock) county, as her statutory separate estate. Her husband was deprived of his trusteeship and of all control over his wife's separate estate by a decree of the Chancery Court. After such removal appellant and her husband executed jointly a mortgage on her plantation to secure the payment of advances made to enable her to carry

[Bell v. Locke, Adm'r, et al.]

on the farm. Before the law-day of said mortgage, appellant filed her bill in the Chancery Court of said county, alleging that her statutory separate estate was not bound for said advances or supplies, that they were not articles of comfort and support of the household suitable to the degree and condition in life of the family, and for which her husband would be liable at common law; that appellee had transferred said mortgage to Lehman, Durr & Co., and that the latter were threatening to foreclose it, and had notified appellant's tenants to pay their rent to them. The bill prayed for an account, that the separate estate of appellant be decreed not bound by said mortgage, and that an injunction might issue restraining appellee and his transferrees from any interference with appellant's estate. Appellee and L., D. & Co. filed a cross-bill praying that said plantation should be sold under the mortgage, and that the injunction which had been granted might be dissolved.

The court dissolved the injunction and ordered the land sold for the payment of the mortgage debt. The decree is now assigned as error.

JAMES L. PUGH, for appellant.—The language of section 2384 of the Revised Code, that a married woman whose husband had been removed as her trustee, has the same control over her estate and the rents, issues, and profits thereof as if she were a *feme-sole*, must be construed to mean that she is invested by his removal with the right to exercise *alone*, without being joined with her husband, the rights and powers that she and her husband—when he was her trustee—were required by the woman's-law to exercise jointly. Any other construction · makes the husband's removal take the woman and her separate estate entirely out of the operation of the woman's-law at the very time she becomes most helpless and most needs its protection.—*Sampley v. Watson,* 43 Ala. 378.

ARRINGTON & TOMPKINS, *contra.*—1. The wife has power under section 2383, after the removal of her husband as her trustee, to enter into contracts such as shown in this case. Under section 2384, she has the same control over her estate as if she were a *feme-sole ;* and it is provided by that section that the husband is not liable for her acts or contracts. Her power is the *same* as if she were a *feme-sole*; that is she can do with it as it pleases her. She is invested with control of the property and with the power to enter into any contract

necessary for her to fully exercise this control.—*Bector v. Selleck*, 48 Ala. 230.

2.   When the husband is removed as trustee, unless the wife is expressly denied the right, by the statute, of selling, she has such right.—*Beard v. Dedolph*, 29 Wis. 136.

STONE, J.—Section 2371 of the Revised Code declares that "all the property of the wife, held by her previous to the marriage, or which she may become entitled to after the marriage, in any manner, is the separate estate of the wife, and is not subject to the payment of the debts of the husband." If the statute had stopped at this point, the wife would have had all the power to bind or dispose of the property, as if the same had not been what it called an equitable separate estate, or estate made separate by the instrument creating it.   She then would have held it precisely as married women held property under the act "securing to married women their separate estates, and for other purposes," approved March 1, 1848, Pamph. Acts 1847–8, p. 79.   Under that statute we have held that the wife could alien and encumber her property to the same extent she could her equitable separate estate.—See *Hooper v. Smith*, 23 Ala. 639; *Reel v. Overall*, 39 Ala. 138.   For the extent of her power to alien or charge her equitable separate estate, see 2 Brick. Dig. 86, §§ 211, 212, *et seq.*·

The act "to alter and amend an act securing to married women their separate estates, and for other purposes," approved 13th February, 1850, wrought material changes in the act of 1848.   The later statute, with slight modifications, is embodied in the article of the Revised Code, commencing with section 2371, above copied.   Section 2372 declares that such property is trust property, and vests in the husband as trustee, who has the right to manage and control the same, without liability to account with the wife, her heirs or legal representatives for the rents, income, and profits.   Section 2373 authorizes the husband and wife to sell and convey such separate property jointly, by instrument in writing, attested by two witnesses; or, section 1551, acknowledged in the mode, and before some officer authorized to take and certify acknowledgments of conveyances.   Section 2374 authorizes the investment or use of the proceeds of separate property thus sold, "by the husband in such manner as is most beneficial for the wife;" declares that the property in which such proceeds are reinvested "is also the separate estate of the wife;" and that "husband and wife can not

[Bell v. Locke, Adm'r, et al.]

contract with each other for the sale of any property."
Section 2375 authorizes the husband to receive and receipt
for the wife's separate property. Section 2379 defines the
interest in the realty and personalty which the husband takes
in the separate estate of his wife dying intestate. Under
section 2376, the wife's separate estate is declared to be
liable " for all contracts for articles of comfort and support
of the household, suitable to the degree and condition in life
of the family, and for which the husband would be respons-
ible at common law." This can scarcely be classed among
the powers of the husband, for it confers on him no special
or peculiar power to make such contract, or to create such
liability. We believe we have enumerated all the powers
over, and rights in the separate estate of the wife, which the
statute confers on the husband. It will be seen that, with
the exception of section 2379, which declares his contingent
interest in the succession, they confer no property, but are
all referable to his character as trustee for his wife. A
trustee with large powers and liberal exemptions, it is true;
but still a trustee. They are the powers of control, man-
agement of the property of another, for defined ends and
aims.—See *Boaz v. Boaz*, 36 Ala. 334; *Patterson v. Flan-
agan*, 37 Ala. 513; *Hays v. Cockrell*, 41 Ala. 75.

Under sections 2383, 2384 of the Revised Code, if the
husband be removed from the trusteeship of his wife's sepa-
rate estate, the result is that the husband no longer has
" any control over the estate of his wife, or the rents, issues,
or profits thereof;" and under section 2379, he loses all right
to share in the succession of her property. This takes away
from him all the powers, rights, and interests in and over
his wife's property which the statute had conferred on him,
and, without more, would leave her in the possession and
enjoyment, untrammeled of all the powers over her property
which section 2371 would confer, if that section stood alone.
But the argument is stronger than this. Section 2384 says,
the wife, thus relieved, " shall have the same control over
her estate, and the rents, issues, and profits thereof, as if
she were a *feme-sole*, and may sue and be sued in her own
name." Language stronger than this can not be well con-
ceived. It is too plain and pointed to require or admit of
elucidation. It is its own best interpreter. The chancellor
correctly construed the statute.

The assignments of error and the arguments of counsel in
this cause, raise only the single question considered and
decided above.

The decree of the chancellor is affirmed.