# Shulman, Goetter & Weil *v.* Fitzpatrick *et al.*

### Bill in Equity to foreclose Mortgage.

1. *Statutory separate estate; what conveyance of, inoperative.*—The statutory separate estate of the wife may be sold by the husband and wife jointly, in the mode prescribed by the statute; but neither one nor both can pledge or mortgage it. The only power conferred by law is to sell, and this power isstrictly and narrowly enabling.

2. *Same; incidents of husband's trusteeship of.*—The husband must apply the income of the wife's property to the maintenance of the family, and if he fails in this duty he may be removed from the trusteeship, and in such case the wife will have the same control over her estate, and the rents, issues and profits thereof, as if she were a *femme sole;* and her power of disposition is akin to, and as great as that which she could have in a court of equity over her equitable separate estate, and she may pledge or mortgage it.

3. *Husband; removal of, from trusteeship.*—Where a decree on a bill filed by the wife against the husband—alleging the receipt of the *corpus* of her statutory separate estate, and praying that he be decreed to have no further control over her estate, and that she may be invested with the rights of a *femme sole* as to such property—declares her entitled to the relief prayed, ascertains the amount due the wife, and directs the issuance of execution against the husband for the amount thus ascertained, and is silent as to whether the husband is removed or not, such decree does not remove the husband from his trusteeship or clothe the wife with the rights of a *femme sole* as to her separate property.

APPEAL from Macon Chancery Court.

Heard before R. F. LIGON, Esq., as special Chancellor.

The bill in this case was filed by appellants, Shulman, Goetter & Weil, against the appellee, Joseph Fitzpatrick, and the administrator and heirs of his deceased wife Mary, F. Fitzpatrick, and sought to foreclose a mortgage on certain lands in Macon county, Alabama, made to the appellants by the said Joseph and Mary F. Fitzpatrick, on the 29th day of January, 1872. It appears that in the year 1871, Mrs. M. F. Fitzpatrick, by her next friend, filed her bill in the Chancery Court of Macon county, against her husband, said Joseph Fitzpatrick, in which, after alleging the receipt by him as husband of a large amount of property belonging to her statutory estate, and that he has become financially embarrassed, she prays, among other things, that "her said husband shall no longer have any control over her estate, and the rents, issues and profits thereof, and that she shall have the same control over the rents, issues and profits thereof, as if she were a *femme sole*, and may sue and be sued in her own name, and that the Register ascertain and report the amount of

[Shulman, Goetter & Weil v. Fitzpatrick et al.]

money belonging to oratrix used by her said husband." This bill was answered by her said husband, and a decree rendered upon bill and answer, without further proof. In the final decree, the Chancellor declares "that the complainant is entitled to the relief prayed in her bill," and after confirming the report of the Register as to the amount due complainant, directs that execution issue against said Fitzpatrick, to be levied on his property, to satisfy the decree. A sale of the lands in controversy was had under this decree, at which Mrs. Fitzpatrick became the purchaser, and at the date of the mortgage, sought to be foreclosed, she held and claimed the lands therein embraced, under the title thus derived. The Chancellor held that they constituted a part of her statutory separate estate, and that the husband had never been removed from his trusteeship, and, consequently, that the mortgage to appellants was inoperative, and dismissed the bill. From that decree this appeal is prosecuted.

H. C. TOMPKINS, for appellants.—The decree of the Chancellor that Mrs. Fitzpatrick was entitled to the relief she prayed for, on a bill which expressly prayed "that her said husband shall no longer have any control," &c., and "that she shall have the same control as if she were a *femme sole*, is certainly a decree removing the husband from his trusteeship, and clothing her with the full powers of a *femme sole* as to her separate estate. In ascertaining the effect of decrees, it is always permissible to refer to the pleadings, and *a fortiori*, this must be done when the decree refers to the pleadings, and is meaningless without such reference.—*McLemore v. Nuckolls*, 37 Ala. 662; *Huffacker v. Berney*, 8 Ala. 87. If this decree removed the husband from his trusteeship, the wife had the power to make the mortgage and bind the property.—*Bell v. Locke,* 57 Ala. 242.

GRAHAM & ABERCROMBIE, *contra.*—The decree did not remove the husband from the trusteeship, and, consequently, did not clothe Mrs. Fitzpatrick with the rights of a *femme sole*, or render her capable of mortgaging her separate property. The presumption that he was removed by such a decree as was rendered, will not be indulged; there was no proof of his incapacity or infidelity to the trusts which the law had cast upon him, and nothing which authorized his removal. The husband is the trustee of his wife, bound by all the rules of law and equity governing trust property.—See 50 Ala. 509; 45 Ala. 337; 51 Ala. 318; *Marks v. Cowles*, 53 Ala. 320. The *cestui que* trust may compel the trustee to account for the trust funds, or to execute trust duties without

[Shulman, Goetter & Weil v. Fitzpatrick et al.]

having him removed from the trust.—Hill on Trustees, 518 *et seq.* There must be a clear, distinct removal of the husband, in order to clothe the wife with the powers of a *femme sole.*

BRICKELL, C. J.—The statutes, and the constitutional provisions succeeding them, creating the separate estate of a married woman, promise to be as fruitful source of contention, as has been the statute of frauds. So far as this case involves the interpretation, or the construction, or the operation of these statutory and constitutional provisions, a safe anchorage is found in an unbroken current of judicial decisions, as obligatory on the judicial conscience, as the statute and the mandate of the constitution. While husband and wife may by an instrument in writing, executed in the mode prescribed by the statute, *sell,* they cannot *pledge, or mortgage,* the separate estate of the wife. The power conferred by the statutes and the constitution, (and it is *strictly, narrowly* enabling,) is to *sell,* converting the thing sold into money, or its equivalent, and no other power can be exercised.—*Peeples v. Stolla,* 57 Ala. 53. The mortgage to the appellants sought to be foreclosed, conveying the statutory separate estate of the wife, is voidable because of the incapacity of the husband and wife to execute it. Infancy of either or both, would not incapacitate them, and avoid the mortgage so positively.

The relation of husband and wife, as it was defined at common law, the statutes and the constitution preserve. A destruction of it would have offended the moral sense of the community, and would have affected the whole social organization. The capacity of the wife to hold property, real or personal, is enlarged, but it is simply a capacity to *hold,* without a power to dispose, or to manage, control, or to take the rents and profits, or the income. This remains in the husband, as at common law; but to accomplish the purposes of the statute, he takes these not only as husband, but as trustee, freed from all liability to account for them. The liability of maintaining the family, the common law imposes on the husband, remains undiminished, and the right its inseparable incident, to regulate and control the domestic expenditures. The income, the profits of the estate the wife holds, he must apply to the maintenance of the family. If he fails in the duty he may be removed from the trusteeship of the estate of the wife; and those who supply the wants of the wife, or of her family, of the children of the marriage, if facts exist, which at common law, would render the husband liable *in invitum,* have a legal remedy against the estate.

Code of 1876, § 2711. Whenever the husband from any cause becomes incapable of, or unfit for the discreet management and control of the statutory separate estate, the wife may procure his removal from the trusteeship. When he is removed by a decree of the Court of Chancery, "the wife shall have the same control over her estate, and the rents, issues and profits thereof, as if she was a *femme sole*, and may sue and be sued in her own name, but the husband is not liable for her acts or contracts."—Code of 1876, §§ 2717–18. The result of the removal of the husband from the trusteeship, is, that as to her statutory separate estate, the wife becomes a *femme sole*, and her power of disposition is akin to, and as great as that which in a court of equity, she could have over her equitable separate estate. She may *pledge* or mortgage it as security for her own debt or the debt of her husband.—*Bell v. Locke*, 57 Ala. 242.

It is insisted for the appellants that the true construction, and the real operation of the decree of the Court of Chancery, under which Mrs. Fitzpatrick became the purchaser of the lands conveyed by the mortgage, was the removal of her husband from the trusteeship of her statutory estate, and thereby she became a *femme sole*, with capacity to execute the mortgage. The decree is silent as to the removal of the husband from the trusteeship of the statutory estate of the wife. It proceeds no farther than to ascertain and compel the husband to account for so much of the estate as he had converted. It is manifestly a matter of unmixed difficulty to determine what particular facts attending a conversion by the husband, of the statutory estate of the wife, would justify or require his removal from the trusteeship. Though a trustee, he is husband, and as husband he is converted into trustee. The peace of the family—the harmony of the relation would be disturbed, if all his acts were to be measured by the rules by which the conduct of a trustee not sustaining this relation are measured. A trustee, the trust itself creating the fiduciary relation, resting under a large liability to account, would be derelict in duty often, and the dereliction would afford just cause for his removal, when the same conduct in the husband would be innocent. Each case rests in its own particular facts, and when unfitness is not chargeable, the intention of the husband in the particular acts which render him liable to account as a trustee to the wife, will control in determining whether the extreme measure of removing him from the trusteeship shall be adopted. Certain it is, in this instance, the Court of Chancery did not expressly adopt it. To infer it by argument or construction from the decree, would be in violation of the principle, that an estoppel

is not to be inferred by argument, and that a judgment or decree is conclusive of matters only, which are decided, or necessarily involved in the issue and decision. If the husband had appealed from the decree, and assigned for error, that he was improperly removed from the trusteeship of the statutory separate estate of the wife, the answer would have been without hesitation, the assignment was not supported by the record—that no such decree had been rendered. The same answer must now be made, and the mortgage can derive no support from that decree—it does not enlarge the capacity of the husband and wife to alien the statutory estate of the wife. We concur in the decree of the Chancellor, and it is affirmed.