# Vincent *v.* Walker.

| 93  165 |
|109  116|
| 93  165|
|113  410|

| 93  165
f125 295

| 93  165
|140  580

*Bill in Equity for Cancellation of Deed as Cloud on Title.*

1. *Conveyance of wife's lands; facts showing want of consideration.*
A conveyance of land belonging to the statutory estate of a married
woman, executed in April, 1886, by her and her husband jointly, is
without consideration, when shown to have been executed under these
circumstances: that it was given to raise money for the purpose of
paying a default of her son-in-law, for which she was not liable, but
for which her brother was the principal surety, he having indemnified
the other surety on the bond, who was the grantee; that her brother de-
posited the money in bank, to the credit of the indemnified surety,
who then drew his check in her favor for the amount, as the consider-
ation for the conveyance; and that she then indorsed and delivered
the check to her son-in-law, who drew the money and paid his default.
On these facts, the sureties on the defaulter's bond effected a pay-
ment of their liability, at the expense of the married woman, but the
conveyance by her was without consideration.

2. *Estoppel by recitals of deed; as against married woman.*—As a gen-
eral rule, when a deed recites the payment of a valuable considera-
tion, the grantor and his privies are estopped to deny the recital,
though they may show a valuable consideration different from that
recited; but this principle does not apply to a married woman seek-
ing relief against a conveyance of lands belonging to her statutory
estate, and she may show, notwithstanding its recitals, that no con-
sideration was in fact paid.

APPEAL from the Chancery Court of Madison.

Heard before the Hon. THOMAS COBBS.

The bill in this case was filed on the 13th October, 1888, by
Mrs. Louisa J. Vincent, a married woman, against Elijah F.
Walker, Frank B. Gurley, and her husband, Wm. C. Vincent;
and sought the cancellation of a deed executed by the com-
plainant and her husband to said Walker, conveying a tract
of land which belonged to her statutory estate. The deed was
dated April 7th, 1886, contained the usual covenants of
warranty, and recited the payment of $2,000 as its considera-
tion. The grounds on which the complainant assailed the
validity of this conveyance, and sought its cancellation, are
stated in the opinion of the court. On the final hearing on
pleadings and proof, the chancellor dismissed the bill; and his
decree is now assigned as error.

JOHN D. BRANDON, for appellant, cited *Armstrong v. Connor*,
86 Ala. 350; *Boyleston v. Farrior*, 64 Ala. 564; *Heard v.
Hicks*, 82 Ala. 484; *Hardin v. Darwin*, 77 Ala. 472; *Steed*

[Vincent v. Walker.]

*v. Knowles,* 79 Ala. 446; *Williams v. Bass,* 57 Ala. 487; *Sims v. Kelly,* 70 Ala. 429; *Gans v. Williams,* 62 Ala. 41; *Peebles v. Stolla,* 57 Ala. 53; 3 Pom. Equity, § 1399, note; *Thames v. Rembert,* 63 Ala. 561.

R. C. BRICKELL, and L. COOPER, *contra,* cited *Moog v. Strong,* 69 Ala. 98; *Holt v. Agnew,* 67 Ala. 360; *Moses v. Dade,* 58 Ala. 211; *Lefebvre v. Dutruit,* 37 Amer. Rep. 833; *De-Ronge v. Elliott,* 23 N. J. Eq. 486.

McCLELLAN, J.—On a former bill by the present appellant, complainant below, in respect of the facts and subject-matter involved now, it was held that the transaction between Louisa J. Vincent and E. F. Walker, in which the former executed a deed, absolute in its terms, to the latter, and took from him, in a separate writing, an undertaking to reconvey to her the land in controversy upon repayment to him of the consideration recited in the deed within a certain time, was a conditional sale, and not a mortgage, as the grantor insisted in that bill. So considered as a sale by Mrs. Vincent, the property belonging to her statutory separate estate, it was further decided that she, being joined therein by her husband, was competent to so contract in relation to, and to convey the land.— *Vincent v. Walker,* 86 Ala. 333.

The time within which Mrs. Vincent had the privilege of re-purchasing having elapsed, and the privilege not having been exercised, the conveyance is shorn of the defeasance which originally attached to it, and must now be considered as if it had been an absolute deed *ab initio,* executed with all the formalities essential to the divestiture and passing of the statutory separate estate of a married woman in land. It is so treated in the present bill, which proceeds in the name of Mrs. Vincent for its cancellation as a cloud on her title, on the ground of its invalidity by reason of facts extraneous to the paper.

The infirmities laid, or attempted in one way or another to be laid against the deed, are three: (1) that its execution was induced by a resort to undue influence, persuasions, etc., on the part of the grantee or beneficiaries; (2) that its consideration is tainted by an agreement in composition of a felony; and (3) that it was executed without consideration.

Of these, the first and second grounds of attack may be summarily dismissed without further discussion than to say that the facts in respect to them are not sufficiently alleged, and could not be found to exist on the evidence in this record had they been adequately pleaded. The real and only points in the case, therefore, are whether the complainant may be let

·[Vincent v. Walker.]

in to show, and has shown, that the deed is not supported by a consideration.

And first: Was there any consideration? In our opinion, there was not. The facts are these: One Bradley had been tax-collector of the city of Huntsville; appellee, Walker, Frank B. Gurley and another were sureties on his official bond. Gurley had indemnified his co-sureties against loss on the undertaking. Bradley made default in his payments to the city. The amount of his deficit was supposed, it seems, to be about $2,000. The sureties were notified of the defalcation, and recognized their liability. Gurley and Mrs. Vincent were brother and sister. Bradley married a daughter of Mrs. Vincent. Walker married her neice. Mrs. Vincent was not at any time, or in any manner, bound for Bradley's deficit. Gurley alone, by reason of his indemnification of his co-sureties, was ultimately liable for the whole of it. At his suggestion, Mrs. Bradley went to her mother, and induced her to execute this deed, for the purpose of raising two thousand dollars with which to pay the sum Bradley owed the city. The deed was made to Walker according to an arrangement between him and Gurley. Gurley deposited $2,000 in the bank to Walker's credit. Against and for this amount Walker drew a check in favor of Mrs. Vincent, to the end that she should apply its proceeds to the payment of Bradley's deficit. To that end she at once, and in consonance with the general arrangement, indorsed and delivered the check to Bradley. He collected the money on it, and, the deficit turning out to be only $1,750, paid that sum to the city of Huntsville, and paid the balance of $250 to Frank B. Gurley.

It is at once manifest from these facts, as to which there is really no conflict in the evidence, that Mrs. Vincent was not to receive, and did not in fact receive, one cent of the recited consideration for her property. It is clear that the sole purpose was to reimburse Gurley money which he alone was ultimately liable to pay, and for which she was in no wise responsible, and that even this purpose has been exceeded in Gurley's favor in such sort that he has received $2,000 worth of Mrs. Vincent's property, in reimbursement to him of $1,750 expended by him in the satisfaction of his own debt. So, not only has Mrs. Vincent received no consideration of benefit to her, and not only does the transaction involve no consideration of detriment to Gurley, but the latter has actually been paid $250 as a *bonus* for the liquidation of his own liability.

It will not do to say that, when the check was delivered to Mrs. Vincent, it was a payment to her, and that the disposition she made of it was a matter with which Gurley and Walker

had nothing to do. There is no force in the suggestion that, if this was not a payment to her, every married woman who made a sale of her land, and received money therefor, could assert that a third person reaped the benefit of it, and upon that ground come into equity with unclean bonds and avoid her conveyance. There is no analogy between the two cases. Mrs. Vincent did not receive this money, or this check, to her own use. She was a mere conduit between Gurley, the debtor, and the city of Huntsville, the creditor. She could not have kept the money, or made use of it. She was a trustee, nothing more or less, and as such had undertaken to indorse and deliver the check to Bradley, to be used by him in paying a debt of the real drawer of the paper; and had she failed to so indorse and deliver, the powers of a chancery court would have been entirely adequate to have compelled the execution of the trust. The disposition which she made of the check was not a matter with which Gurley and Walker had nothing to do. But, on the contrary, it was the precise disposition she had bound herself to them to make of it. She received the check alone on the condition that it should be used in the way in which it was used; and she could not have devoted it, or the proceeds of it, to any other end. Her hands are exceedingly empty, but not "unclean." They would have been full, but by no means clean, had she diverted this money from the purposes for which alone it was paid to her. We are quite assured of the soundness of the conclusion we have announced, that this deed is wholly unsupported by any consideration either of benefit to the grantor or detriment to the grantee or beneficiaries. To cancel it, would be to give to Mrs. Vincent that to which she is clearly entitled, and to take nothing from Gurley and Walker to which in equity and good conscience they have any claim.

It is a well established general rule, that the grantor in a deed which acknowledges the receipt of a valuable consideration is estopped, as against the grantee, to say no valuable consideration was in fact received, though the character and amount of the consideration may, even between the parties to the instrument, be shown to be other than as recited. 5 Amer. & Eng. Ency. of Law, pp. 436, 437; 3 Brick. Dig. p. 299, §§ 36 *et seq.; Savings Bank v. McDonnell,* 89 Ala. 434. But this rule can not apply to a married woman, so as to prevent her showing the absence of all consideration for her deed. With respect to a married woman under such disabilities as rested on her under the statute of force at the time of this transaction, the rule is that only a valid deed—such deed as the statute authorized her to execute—can raise up any estoppel against her.

[Vincent v. Walker.]

"It is clear that a married woman, under disabilities, can not be estopped just as if she were *sui juris*, and the only way of determining in what cases she may be estopped is to ascertain, first, whether the alleged estoppel grows out of a judgment, deed, contract, or tort; and second, whether such judgment, deed, contract, or tort, is binding as such on the married woman."—14 Amer. & Eng. Ency. of Law, pp. 637, 638; *Alexander v. Saulsbury*, 57 Ala. 375–8. The statute did not confer on Mrs. Vincent and her husband capacity to dispose of her land as was attempted in this transaction. They had power to *sell* it, but not to mortgage it, and not to *give it away*. The statute contemplates and provides for only a *sale* in the legal sense of the term, a transfer of it for a valuable consideration; and in terms makes provision for the uses and ends to which the consideration received shall be devoted. The proceeds of the sale were to be invested in other property for the wife, or used in "such manner as is most beneficial for the wife."—Code 1876, §§ 2707, 2709. In other words, as said by BRICKELL, C. J., "The power conferred by the statute and the constitution (and it is *strictly, narrowly,* enabling) is to *sell*, converting the thing sold into money or its equivalent, and no other power can be exercised."—*Shulman v. Fitzpatrick*, 62 Ala. 571; *Peebles v. Stolla*, 57 Ala. 53.

The transaction here not being a sale within the enabling statute cited, the recital in the deed acknowledging the receipt of a valuable and, for aught that appears, an adequate consideration, does not estop Mrs. Vincent to show that there was no consideration, as it would do had she been *sui juris*. *Hardin v. Darwin*, 77 Ala. 472, 482; *Wilder v. Wilder*, 89 Ala. 414, 418. And in our opinion, as we have said, she has clearly shown that there was no consideration for the deed. It is void, and must be cancelled as a cloud on her title, as prayed in her bill.

Accordingly, the decree of the chancellor is reversed, and a decree will be here rendered adjudging the invalidity of the deed, and directing it to be delivered up to the register of the Madison Chancery Court, and be cancelled by him.

Reversed and rendered.