# Stacey *et al. v.* Walter *et al.*

*Bill in Equity to have Deed cancelled, and for Injunction.*

1. *Estoppel; married woman estopped to deny recitals of deed.*—A married woman, like any other grantor, is estopped by the recital of a valuable consideration in a deed executed by her, conveying lands constituting her separate estate, to show that there was, in fact, no consideration for the conveyance.
2. *Equitable jurisdiction; parol evidence insufficient to vary terms of deed.*—A parol agreement or understanding made contemporaneously with the execution of a deed, that said deed shall operate only as a lease and shall be destroyed at the expiration of a year, is not sufficient to invalidate said deed; and in the absence of any allegation and proof of fraud, accident or mistake in the execution of said deed, it will be given effect.

[Stacey *et al.* v. Walter *et al.*]

APPEAL from the City Court of Montgomery, in Equity.

Heard before the Hon. A. D. SAYRE.

The bill in this case was filed by the appellants, T. R. Stacey and his wife, M. E. Stacey, against the appellees, D. C. Walter, T. B. Walter and J. B. Walter.

The bill as amended averred the following facts: On December 28, 1895, M. E. Stacey, the wife of T. R. Stacey, was seized and possessed of certain lots at Sprague Junction in the county of Montgomery, and on that day she, together with her husband, executed and delivered to the defendants a deed to said property. This said deed recites a consideration of six hundred dollars. No consideration whatever was paid by the defendants "and said deed was executed by mistake of facts," and it was never intended between the parties thereto to have the effect of conveying the title to said property, and it was understood by the parties at the time the same was executed, that the same should be destroyed and not placed upon record. At the time of the execution of said deed one J. A. Watson was the tenant in possession of the premises under a lease made by him with M. E. Stacey. Said Watson was running a store and boarding house, situated on said lots, which was in competition with the defendants, who owned and occupied a store near the lots. The defendants desired to get possession of the store occupied by Watson and thereby monopolize the business at Sprague Junction; and with this object in view they went to T. R. Stacey, the husband of M. E. Stacey, and represented to him that they were anxious to get Watson away from the place, but that they feared that if they rented the store and boarding house from Stacey that Watson might become incensed and do them some injury; and they suggested that M. E. Stacey and T. R. Stacey make them a deed instead of a lease to said premises and represented to said Stacey that in that event they would continue to pay M. E. Stacey the same rental per annum for the premises as Watson had been paying. It was further averred that D. C. Walter, in his own behalf, and as agent of the other defendants, at the time of making this

proposition "distinctly and positively promised that in the event the complainants executed and delivered such deed, they would cancel or destroy the same immediately after said Watson vacated the premises; that it was in compliance with the suggestion of said D. C. Walter that the deed to the said lot was executed, and that said T. R. Stacey informed his wife, M. E. Stacey, of the purposes intended to be accomplished by the execution of said deed, and that thereupon and solely upon such understanding and without any other consideration whatever, the said M. E. Stacey joined with her husband in the execution and delivery of said deed." It was then averred that notwithstanding such agreement and the further agreement that said deed was not to be recorded, the defendants had filed said deed for record in the probate office, and that it had been duly recorded; that upon being reminded of the understanding and agreement at the time of the execution of the deed, the defendants admitted that such deed conveyed no title and promised at various times that the deed would be destroyed or delivered to the complainants, or they would execute a deed re-conveying the title to said complainants, but that they had failed to do so. It was further averred that at the time of the filing of the bill, J. A. Watson was in possession of the premises as the tenant of the complainants, and that the defendants had instituted an action of ejectment against said Watson for the recovery of the possession of said property. It was also averred in the bill that the defendants had admitted to the complainants and to other persons at different times that said deed was intended only as a lease and was never intended as a deed to said land, and that the defendants had promised to convey the title back to the complainants, but instead of doing so, instituted an action of ejectment against their said tenant.

The prayer of the bill was than an injunction be issued restraining the further prosecution of the ejectment suit, and that the complainant, M. E. Stacey, be decreed to be the owner of said property, and that the defendants be required to convey to said M. E. Stacey the entire interest in said premises free from all incumbrance, and that

[Stacey *et al.* v. Walter *et al.*]

the said conveyance from the complainants to the defendants be set aside and cancelled.    There was attached to the bill the deed in question, which was a fee simple warranty deed from the complainants to the defendants. The defendants demurred to the bill upon the following grounds:    1. It does not set out what statement of facts induced the execution of said deed.    2. Said bill does not show how the mistake of fact occurred, or what was such mistake, or whose fault it was that the fee simple warranty deed was executed.    3. That the bill, as amended, sets up that the deed was voluntarily and knowingly executed, and asks that the same be cancelled, without averring any facts which show fraud or mistake chargeable against the grantees in said deed, and without disclosing any equitable ground for its cancellation.

Upon the submission of the cause upon the demurrers to the bill as amended, a decree was rendered sustaining them.    From this decree the complainant's appeal, and assign the rendition thereof as error.

HILL & HILL and GORDON MACDONALD, for appellant.— The title of a married woman's property cannot be divested by equitable estoppel.—*Vincent v. Walker,* 93 Ala. 165; *Vansandt v. Weir,* 109 Ala. 104; *Curry v. Amer. Mortg. Co.,* 107 Ala. 437; *Steiner v. Tranum,* 98 Ala. 315.

GUNTER & GUNTER, *contra.*—The rule as to contradicting or varying a written instrument by parol evidence obtains with the same force in equity as at law.— *Bank v. Sprigg,* 14 Pet. 201.

The court in the exercise of its jurisdiction to reform written instruments on account of mistake or fraud proceeds with the utmost caution, and it never reforms them or denies them their legal effect in the absence of fraud or mistake; neither of which is alleged here.— *Campbell v. Hatchett,* 55 Ala. 551; *Ohlander v. Dexter,* 97 Ala. 476; *Guilmartin v. Urquhart,* 82 Ala. 571; *Moore v. Tate,* 114 Ala. 582; *Alexander v. Caldwell,* 55 Ala. 522; 2 Pom. Eq., 859; *Irving v. Cunningham,* 4 Pac. Rep. 766.

[Stacey *et al.* v. Walter *et al.*]

McCLELLAN, C. J.—In *Vincent v. Walker,* 93 Ala. 165, it was ruled that a married woman was not estopped by the recital of a valuable consideration in a deed executed by her conveying land constituting her separate estate, to show that there was in fact no consideration for the conveyance. This conclusion was expressly rested upon the considerations that the transaction was essentially a gift by the wife to the grantee, that under the statute which then obtained a married woman could not give away her land, but could sell it only, and that the conveyance not being one she had competency to make, she could not be estopped by its recitals to show there was no consideration for it. We said in that case, after referring to and recognizing the general rule whereby a grantor whose deed recites a valuable consideration is estopped to impeach the recital: "But this rule cannot apply to a married woman so as to prevent her showing the absence of all consideration for her deed. With respect to a married woman under such disabilities as rested on her under the statute of force at the time of this transaction, the rule is that only a valid deed—such deed as the statute authorized her to execute—can raise up an estoppel against her. 'It is clear that a married woman, under disabilities, cannot be estopped just as if she were *sui juris,* and the only way of determining in what cases she may be estopped is to ascertain, first, whether the alleged estoppel grows out of a judgment, deed, contract or tort; and, second, whether such judgment, deed, contract, or tort is binding as such on the married woman.'—14 Am. & Eng. Encyc. of Law, pp. 637, 638; *Alexander v. Saulsbury,* 57 Ala 375-8. The statute did not confer on Mrs. Vincent and her husband capacity to dispose of her land as was attempted in this transaction. They had power to *sell* it, but not to mortgage it, and not *to give it away.* The statute contemplates, and provides for, only a *sale* in the legal sense of the term, a transfer of it for a valuable consideration; and in terms makes provision for the uses and ends to which the consideration received shall be devoted. The proceeds of the sale were to be invested in other property for the wife, or used in 'such manner

as is most beneficial for the wife.'—Code, 1876, §§ 2707, 2709. In other words, as said by BRICKELL, C. J.: 'The power conferred by the statute and the constitution (and it is *strictly, narrowly,* enabling) is to *sell,* converting the thing sold into money or its equivalent, and no other power can be exercised.'—*Shulman v. Fitzpatrick,* 62 Ala. 571; *Peeples v. Stolla,* 57 Ala. 53." It thus clearly appears that the decision in *Vincent v. Walker* went entirely upon the ground that under the statute existing at the time of the transaction there involved a married woman could only *sell* her property, and that she could not bind herself at all by a deed for which in point of fact there was no valuable consideration. The statute now of force and which obtained at the time of the transaction here involved is entirely different in respect of the question under consideration. It is now provided that the wife has full legal power to contract as if she were sole, except as otherwise provided by law, and that with the assent and concurrence of her husband she may alienate or mortgage her property.—Code, §§ 2526, 2528. Her competency is no longer restricted to a *sale* of her separate property. She may *alienate* it. Any conveyance of her title is, of course, an alienation. A deed for a good consideration, for love and affection, is an alienation. A deed of gift is an alienation, and binds her as fully as a conveyance on valuable consideration would. Having thus the capacity to convey her land without consideration, she binds herself by such a conveyance and by its recital of a valuable consideration, and is estopped like any other grantor to show there was no consideration. And it follows that so far as the present bill proceeds upon the theory that the complainants are entitled to relief for the want of consideration for the deed of Mrs. Stacey and her husband to the respondents, the recital to the contrary notwithstanding, it is wholly without equity.

For the rest, we do not find in the bill any averment of a mistake of fact conducing to the execution of the deed or any fraud in the procuration of its execution, which would justify a court of equity in decreeing its cancellation. To the contrary the averments of the

bill are unmistakeably clear to the exclusion of all mistake of fact and to the conclusion that the conveyance was executed in precise accordance with the intention of all the parties; all the facts and circumstances being known to them and consciously before them at the time. And so in respect of fraud: No misrepresentation of fact is averred, but only that the respondent-grantees promised orally at the time the deed was executed to cancel and destroy it a year afterwards, and that they have failed to so cancel and destroy the instrument. It is not even averred that they had no intention of complying with this promise when it was made, or made it with false and fraudulent intent. The case made in this regard, therefore, is essentially one for the enforcement of a contemporaneous parol agreement or understanding to the destruction of the duly executed deed of the complainants; and no more in equity than at law can any relief be predicated upon such a state of facts.—*Ware v. Cowles,* 24 Ala. 446; 2 Pom. Eq. Jur. § 854 and note.

The decree of the city court sustaining the demurrer to the bill must be affirmed.

Affirmed.